**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

MARCUS NOLAN, also known as
Big Marc; and ELIZABETH
CUNNINGHAM,

    Defendants-Appellees.

No. 98-3193

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 97-CR-10149)**

---

Sean Connelly, Attorney, United States Department of Justice, Denver, Colorado (Jackie N. Williams, United States Attorney, and D. Blair Watson, Assistant United States Attorney, District of Kansas, with him on the brief), for Plaintiff-Appellant.

David M. Rapp, Hinkle, Eberhart & Elkouri, L.L.C., (Michael Roach also appearing), Wichita, Kansas, for Defendants-Appellees.

---

Before **BALDOCK**, **EBEL**, and **LUCERO**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

    A federal magistrate judge issued a warrant to agents of the Sedgwick County,

Kansas, Sheriff's Department to search the residence of Defendant Marcus Nolan and

seize documents, electronic equipment, and assets relating to drug trafficking. The warrant did not authorize the seizure of drugs or drug paraphernalia. The magistrate judge issued the warrant based on the sworn affidavit of Sergeant Michael Crawford. The affidavit provided in relevant part—

♦ Sergeant Crawford, a thirteen-year veteran of the Sedgwick County, Kansas, Sheriff's Department, was involved in investigating Defendant Nolan's cocaine trafficking activity.

♦ A confidential informant purchased crack cocaine from Defendant Nolan on ten different occasions at various public locations between April 14, 1997 and March 12, 1998.

♦ The confidential informant purchased a total of 140 grams of crack cocaine from Defendant Nolan during the course of the investigation.

♦ Although he had never been inside Defendant Nolan's residence, the confidential informant believed Nolan maintained a quantity of crack cocaine at his residence because Nolan was careful not to sell crack cocaine from his residence.

♦ Defendant Nolan resided at 2648 Manhattan, Wichita, Kansas.

♦ Based upon his training and experience, Sergeant Crawford opined that drug traffickers sometimes maintain records and quantities of narcotics in easily accessible locations.

While executing the warrant, agents observed cocaine in the residence and obtained a second warrant for the seizure of drugs and drug paraphernalia. (The record is silent as to how the officers obtained this second warrant.) Pursuant to the warrants, agents seized various drug contraband and other evidence of drug trafficking. They arrested both Defendant Nolan and his roommate, Defendant Elizabeth Cunningham. A grand jury subsequently indicted Nolan and Cunningham on charges of distributing

2

cocaine and cocaine base in violation of 18 U.S.C. § 841(a)(1).

After a hearing, the district court suppressed the evidence which agents seized during the search. The court held that the warrant authorizing the search of Defendant Nolan's residence was not supported by probable cause because the underlying affidavit failed to establish a sufficient nexus between his residence and the items to be seized. The court also held that the good-faith exception to the exclusionary rule did not apply because the affidavit lacked any indicia of probable cause. The government appeals. We exercise jurisdiction under 18 U.S.C. § 3731, and reverse.[1]

I.

We review de novo the district court's probable cause determination. Ornelas v. United States, 517 U.S. 690, 699 (1996). Our review of the magistrate judge's issuance of a search warrant, however, is more deferential: Our duty is to ensure that the magistrate judge had a "substantial basis" for concluding that the affidavit in support of the warrant established probable cause. Illinois v. Gates, 462 U.S. 213, 236 (1983). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability

---

[1] At issue below and in this court is the validity of the first warrant, not the validity of the second warrant authorizing the seizure of the drugs. The government's appeal of the suppression of evidence pursuant to the district court's order addresses only the adequacy of the first warrant, ignoring, as did the district court, the adequacy of the second. Defendants similarly choose not to discuss the second warrant. Apparently all parties concede that the validity of the second warrant depends on the validity of the first.

that contraband or evidence of a crime will be found in a particular place." Id. at 238.

Because of the "strong preference" for searches conducted pursuant to a warrant, the Supreme Court has instructed us to pay "great deference" to a magistrate judge's determination of probable cause. Id. at 236. "Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Id. at 235. The test is whether the facts presented in the affidavit would "warrant a man of reasonable caution" to believe that evidence of a crime will be found at the place to be searched. Texas v. Brown, 460 U.S. 730, 742 (1983) (plurality).

At the time the magistrate judge issued the search warrant in this case, at least three of our sister circuits had held in cases involving drug traffickers that "observations of illegal activity outside of the home can provide probable cause for the issuance of a search warrant for a suspect's house, even in the absence of an allegation that any illegal activity occurred in the home itself." United States v. Thomas, 989 F.2d 1252, 1254 (D.C. Cir. 1993) (per curiam).[2] Accord United States v. Williams, 974 F.2d 480, 481-82 (4th Cir. 1992) (per curiam) (upholding magistrate judge's determination of probable cause even though affidavit did not contain any facts indicating drugs were located at drug dealer's residence); United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir. 1986) (despite affidavit's lack of direct evidence, probable cause existed to search

---

[2] Then judge, now Justice Ruth Bader Ginsburg, was a member of the unanimous panel in Thomas.

4

defendant's residence based on reasonable inference that suspected drug dealer would keep incriminating evidence at his residence).[3]  Furthermore, at least four of our sister circuits expressly recognized at the time of the issuance of the warrant in this case that evidence of drug trafficking will likely be found where a drug dealer lives.  E.g., United States v. Luloff, 15 F.3d 763, 768 (8th Cir. 1994); United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993); United States v. Davidson, 936 F.2d 856, 860 (6th Cir. 1991); United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir. 1991).

The law in our circuit has taken a somewhat different path than the law of our sister circuits.  To be sure, like the law of our sister circuits, probable cause requires a nexus between the place to be searched and the items to be seized.  United States v. Hargus, 128 F.3d 1358, 1362 (10th Cir. 1997).  To establish the required nexus, the affidavit supporting the search warrant need not contain direct evidence or personal

---

[3]  Recently, the First and Seventh Circuits joined that group and upheld the issuance of warrants in cases similar to this one.  United States v. Feliz, 182 F.3d 82, 88 (1st Cir. 1999), petition for cert. filed, Sept. 23, 1999 (99-6383) (nexus between criminal evidence and premises to be searched need not be based on direct evidence, but rather may be inferred from the type of crime and nature of the evidence sought); United States v. McClellan, 165 F.3d 535, 546 (7th Cir.), cert. denied, 119 S. Ct. 1781 (1999) (evidence that defendant was a drug dealer sufficient to establish probable cause for a search of his residence).  The Sixth Circuit has issued conflicting decisions.  Compare United States v. Schultz, 14 F.3d 1093, 1097-98 (6th Cir. 1994) (evidence that defendant was a drug dealer and owned a certain security deposit box, together with officer's opinion that drug traffickers keep incriminating evidence in security deposit boxes, was insufficient to establish probable cause), with United States v. Davidson, 936 F.2d 856, 859-60 (6th Cir. 1991) (issuing magistrate reasonably inferred from evidence of drug trafficking that contraband would be found at defendant's residence).

knowledge that the items sought are located at the place to be searched. Id. Rather, the issuing magistrate judge "may draw reasonable inferences from the material provided in the warrant application." United States v. Rowland, 145 F.3d 1194, 1205 (10th Cir. 1998). Yet, unlike our sister circuits, we have never held that the mere observation of repetitive illegal drug activity outside a suspect's residence by itself is sufficient to establish probable cause for a search of the suspect's residence.

In United States v. Reyes, 798 F.2d 380 (10th Cir. 1986), we held an affidavit supported a magistrate judge's finding of probable cause where the affiant stated that defendant was a member of a drug trafficking conspiracy and that members of the conspiracy maintained records regarding their activities. The affidavit did not indicate where those records were kept. We concluded: "It is reasonable to assume that certain types of evidence would be kept at a defendant's residence and an affidavit need not contain personal observations that a defendant did keep such evidence at his residence." Id. at 382. Accord United States v. Williams, 897 F.2d 1034, 1039 n.2 (10th Cir. 1990); cf. United States v. $149,442.43 in United States Currency, 965 F.2d 868, 874 (10th Cir. 1992) ("Where a suspect has no place of business separate from his residence, it is reasonable for an officer to conclude that evidence [i.e., drug-related business records] may be at the suspect's residence."). In Rowland, 145 F.3d at 1204, however, we emphasized that "[p]robable cause to search a person's residence does not arise based solely upon probable cause that the person is guilty of a crime. Instead, there must be

6

additional evidence linking the person's home to the suspected criminal activity." While Rowland involved an anticipatory search warrant for child pornography, we specifically stated that the supporting affidavit, which "anticipated" defendant would take pornography received at a post office box back to his residence, "did not satisfy traditional probable cause requirements." Id. at 1204 n.3.

Given the state of the law in our circuit and the differences of opinion it elicits, this panel chooses not to decide in this instance whether the affidavit in support of the search warrant was sufficient to sustain the magistrate judge's finding that incriminating evidence would likely be found inside Defendant Nolan's residence. Instead, we exercise our discretion to decide this case under the good-faith exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897 (1984), and leave for another day the probable cause inquiry. See id. at 924-25 (courts have considerable discretion in conforming their decisionmaking process to the exigencies of a particular case); Rowland, 145 F.3d at 1206 n.8 (reviewing court may, in appropriate case, address the good-faith issue without first considering validity of the warrant).

II.

In Leon the Court concluded that "the suppression of evidence obtained pursuant to a warrant should be ordered . . . only in those unusual cases in which exclusion will further the purposes of the exclusionary rule." Leon, 468 U.S. at 918 (emphasis added). The purpose of the exclusionary rule is to deter police misconduct. Id. at 916. Where an

officer acting with objective good faith obtains a search warrant from a detached and neutral magistrate and the executing officers act within its scope, there is nothing to deter. Id. at 920-21. Thus, the evidence seized pursuant to such a warrant should not be excluded from trial. This is so because—

> [i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination . . . . Once the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law. Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.

Id. at 921 (internal brackets, quotations, and citations omitted).

In this case, the district court held that the exclusionary rule's good-faith exception did not apply because the affidavit in support of the warrant to search Defendant Nolan's residence was "precisely the sort of bare bones, conclusory document which the Fourth Amendment will not permit." The applicability of the good-faith exception is a question of law that we review de novo. Rowland, 145 F.3d at 1206. Applying this standard, we disagree with the district court's holding.

To the contrary, Sergeant Crawford's affidavit was not a "bare bones" affidavit "wholly devoid" of factual support. The affidavit established that (1) Defendant Nolan was a crack cocaine dealer; (2) Defendant Nolan was careful not to sell drugs to anyone from his residence; and (3) drug dealers sometimes maintain records and quantities of drugs in easily accessible locations. Given the state of the law in this and other circuits at the time the magistrate judge issued the search warrant, see supra, at 4-7, and the fact that

8

we had upheld a warrant in a drug-related case based upon an affidavit providing little, if any, more information than the one before us, Reyes, 798 F.2d at 382, law enforcement officials' reliance on the magistrate judge's authorization to search Defendant Nolan's residence was not unreasonable.  See Rowland, 145 F.3d at 1207 ("Given the unsettled state of the law, it was not unreasonable for the officers to rely on the magistrate's authorization.").

A reasonable officer not versed in the intricacies of the law could not properly be charged with knowledge that the search of Defendant Nolan's residence might be unconstitutional under the Fourth Amendment.  See Leon, 468 U.S. at 919.  Law enforcement officials' reliance in this case on the magistrate judge's determination of probable cause was not objectively unreasonable.  "Penalizing the officers for a [possible] mistake not their own 'cannot logically contribute to deterrence of Fourth Amendment violations.'"  Rowland, 145 F.3d at 1208 (quoting Leon, 468 U.S. at 921).

REVERSED and REMANDED.

98-3193, <u>United States v. Nolan</u>

**EBEL, Circuit Judge, dissenting**

In my opinion, the affidavit in this case was the sort of bare bones, conclusory document which the Fourth Amendment will not permit. <u>See</u> <u>Illinois v. Gates</u>, 462 U.S. 213 (1982). There is nothing in the affidavit that sets forth any <u>facts</u> connecting drugs, drug paraphernalia, or drug records to the defendant's home. Indeed, the only reference in the affidavit to the defendant's home tends to negate any nexus between the defendant's home and drug activity. The affidavit explicitly states that the defendant "is careful <u>not</u> to sell drugs to anyone from his residence." (emphasis added.) The affiant further goes on to state affirmatively that he has "not been inside [defendant's] residence."

Thus, even utilizing the generous standard set forth in <u>United States v. Leon</u>, 468 U.S. 897 (1984), I believe that this search was constitutionally defective. I would, accordingly, affirm the district court's suppression of the evidence obtained as a result of the search.