**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellant,

v.

JOSE MARTINEZ-MARTINEZ, also
known as Arvelin Mendoza-Martinez,

    Defendant-Appellee.

No. 00-4159

(D.C. No. 99-CR-622-ST)

(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE, McWILLIAMS**, and **ANDERSON**, Circuit Judges.

---

This is an interlocutory appeal filed by the government. The government appeals

the district court's order suppressing evidence found in defendant Jose Martinez-Martinez'

apartment during the execution of a search warrant. The court held the warrant to search

the apartment was not supported by probable cause and further concluded the good faith

exception set forth in United States v. Leon, 468 U.S. 897 (1984), did not apply. We

exercise jurisdiction under 18 U.S.C. § 3731 and reverse and remand for further

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

proceedings.

## I.

In August 1999, Detective Travis Rees, a member of the Salt Lake Drug Enforcement Agency/Metro Narcotics Task Force, began investigating defendant and his girlfriend, Mayda Mishon Wanosik, based on a tip from a confidential informant that the two were distributing cocaine at defendant's apartment. After arranging two cocaine buys from defendant and Wanosik by an undercover police detective, Rees applied for a warrant to search defendant's apartment, two cars, and also defendant's and Wanosik's persons.

Rees' affidavit was attached to the application for the warrant. The affidavit set forth Rees' qualifications and experience with drug investigations and stated he was investigating a complaint relating to the ongoing distribution of drugs at an apartment identified in the affidavit. The affidavit described the two undercover cocaine buys and stated two cars, both registered to defendant, were driven by either defendant or Wanosik during the cocaine buys. The affidavit noted that Rees had observed the cars parked outside defendant's apartment several times during both day and night. The address of defendant's apartment was listed on one car registration. The other car registration listed defendant's prior address. Rees also detailed the criminal history of defendant and Wanosik. Both individuals had been charged with at least one drug offense in the past. Defendant's history included prior convictions for possession with intent to distribute both

2

cocaine and methamphetamine.

A magistrate judge issued a no-knock search warrant, authorizing the search of the apartment, the two cars, and defendant's and Wanosik's persons. When the officers executed the warrant on October 25, 1999, they found in the apartment over 10 grams of cocaine, a Black Beretta .22 caliber pistol, and drug paraphernalia. Defendant was charged pursuant to 18 U.S.C. § 922(g)(5) (illegal alien in possession of a firearm), 8 U.S.C. § 1326 (illegal reentry of a deported alien), and 21 U.S.C. § 844 (possession of a controlled substance).

Defendant moved to suppress the evidence recovered when the warrant was executed. As regards the search of his apartment, he argued Rees' affidavit was insufficient to establish probable cause for the search, and that it was a "bare bones" affidavit that failed to show any nexus between the alleged cocaine buys and his apartment. At the evidentiary hearing, Rees testified to additional facts gathered from his investigation that were not stated in his affidavit. He stated that during one of the arranged buys, officers attempted to maintain constant surveillance of one of defendant's cars but the car escaped surveillance for approximately five minutes. He also stated that in his experience, street-level narcotics traffickers keep drugs in their residences and often keep drugs and money in the same place. Further, he testified that when the confidential informant arranged the buys, the informant phoned a land line that came back to defendant's apartment.

The district court granted defendant's motion to suppress evidence seized from his apartment, but denied the motion to suppress evidence found in defendant's cars or on the persons of defendant and Wanosik. The district court noted the fact that neither cocaine buy occurred at defendant's apartment and held the affidavit was a "bare bones" affidavit, insufficient to establish probable cause to search the apartment. The only connection between the apartment and the arranged buys was that the two cars used by defendant and Wanosik during the buys had been seen parked in front of the apartment. The court noted there was no continuous surveillance of the cars from the time they left the apartment until they later appeared at the undercover buys. The court further noted that although the affidavit set forth Rees' training, it made no connection between his "limited" drug enforcement training and experience and the likelihood that evidence of drug activities would be found in the apartment. The court held that the good faith exception to the exclusionary rule did not apply because the government did not prove that reliance on the warrant was objectively reasonable.

## II.

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. amend. IV. Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see United States v. McCarty, 82 F.3d 943, 947 (10th Cir. 1996). Evidence that is obtained in violation of this

4

Fourth Amendment stricture is subject to the exclusionary rule and is not permitted to be used at trial. See Mapp v. Ohio, 367 U.S. 643, 651 (1961).

The government argues that the warrant in this case was valid because the affidavit demonstrated probable cause to search the residence. Alternatively, it argues even if the search warrant was not supported by probable cause, the "good faith exception" to the exclusionary rule applied and therefore the evidence was admissible.

Resolution of whether there was probable cause supporting the warrant is not necessary to our decision because, as discussed below, the officers' search of defendant's apartment falls within the good faith exception to the exclusionary rule. See United States v. Cook, 854 F.2d 371, 372 (10th Cir. 1988) (reversing granting of motion to suppress under good faith exception to exclusionary rule by assuming, without expressly holding, warrant lacked probable cause basis).

The Court concluded in Leon the policies of deterring police misconduct that supported the exclusionary rule required that there be an exception allowing admission of evidence obtained pursuant to an invalid search warrant where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." 468 U.S. at 920. Whether the good faith exception should be applied is a question of law reviewed de novo. See United States v. Corral-Corral, 899 F.2d 927, 929 (10th Cir. 1990).

In Leon, the Court set forth four situations where a search conducted pursuant to

5

an invalid warrant is not afforded the benefit of the good faith exception: (1) if the judge issuing the warrant "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) where the issuing judge "wholly abandoned his judicial role"; (3) where the underlying affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where the warrant was "so facially deficient – i.e., in failing to particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." 468 U.S. at 923. Defendant argues the second and third situations apply here.

Defendant's argument that the magistrate abandoned his judicial role lacks merit. There is no indication the magistrate acted beyond his judicial role. Further, defendant failed to raise this argument before the district court. See United States v. Perez, 955 F.2d 34, 36 (10th Cir. 1992) (holding issues not raised in district court will not be considered for first time on appeal).

"Because the good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization, the reviewing court must examine the text of the warrant and the affidavit to ascertain whether the agents might have reasonably presume[d] it to be valid." United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir. 1993) (internal quotations omitted). "[W]hen reviewing an officer's reliance upon a

6

warrant, we must determine whether the underlying documents are *devoid* of factual support, not merely whether the facts they contain are legally sufficient." Id. (internal quotation omitted). "[T]he knowledge and understanding of law enforcement officers and their appreciation for constitutional intricacies are not to be judged by the standards applicable to lawyers." United States v. Bishop, 890 F.2d 212, 217 (10th Cir. 1989).

The district court held the good faith exception did not apply to the search of defendant's apartment because the affidavit did not establish a link between the apartment and the suspected criminal activity. The court found the affidavit should have included information that the buys were arranged on a phone line connected to defendant's apartment, and that failure to maintain unbroken surveillance of the cars between the apartment and the location of the buys broke any link to the apartment. These shortcomings should not result in our equating Rees' affidavit to a "bare bones affidavit, containing only conclusory statements and completely devoid of factual support." See United States v. Rowland, 145 F.3d 1194, 1207 (10th Cir. 1998) (citing Leon, 468 U.S. at 926). When determining whether Leon's good faith exception applies, the question is not what is absent from the affidavit, but what is present. As long as the affidavit contains sufficient information for a reasonable officer to believe the warrant is valid, the good faith exception applies. "The first notion to be remembered in considering the good faith principle is the presumption created in Leon that when an officer relies upon a warrant, the officer is acting in good faith." McKneely, 6 F.3d at 1454 (internal quotation

omitted).  "This presumption, though not absolute, must carry some weight."  Id. (internal quotation omitted).

This court has applied the good faith exception even when the affidavit supporting the warrant was insufficient.  In United States v. Danhauer, 229 F.3d 1002 (10th Cir. 2000), the affidavit provided insufficient information about the veracity of the confidential informant and offered no corroboration.  We determined the lack of information did not "preclude an officer from manifesting a reasonable belief that the warrant was properly issued."  Id. at 1007.  Similarly, in United States v. Nolan, 199 F.3d 1180 (10th Cir. 1999) (the case the district court here relied on to find the affidavit lacked probable cause), the affidavit established that defendant was a crack dealer who did not sell from his residence, but that drug dealers sometimes keep records in their homes.  Based on this information, we held a reasonable officer could believe the warrant was properly granted.  These cases are analogous to the present case in that the affidavit contained more information than a "bare bones" affidavit, even if it may not have contained enough information for probable cause.

Detective Rees' affidavit stated that an undercover police detective purchased drugs from two individuals who drove two different cars to the drug deals. These were controlled buys and at least one of the buys was observed by Rees.  Rees further stated that he had driven by the apartment of one of the individuals several times, both during the day and during the night, and had seen the cars parked in front of the apartment.  The

affidavit stated both cars were registered to one of the individuals who had sold the drugs and the address on one of the car registrations was the address of the apartment where the cars were parked. The affidavit set forth Rees' expertise and noted that he was investigating a complaint relating to ongoing drug sales at the apartment. Rees also summarized the criminal histories of both individuals, and both previously had been charged with drug violations. Even if this information was not found to be legally sufficient to establish probable cause to search defendant's apartment, it clearly was not wholly devoid of factual support. Because the warrant and its underlying affidavit were not so lacking in indicia of probable cause that the executing officer should have known the search was illegal despite the magistrate's authorization, the good faith exception to the exclusionary rule applies and the evidence should not be suppressed.

The district court's order granting defendant's motion to suppress is REVERSED and this case is REMANDED for further proceedings.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9