F I L E D
United States Court of Appeals
Tenth Circuit

March 22, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONARDO CASTILLO-MARQUEZ,

Defendant - Appellant.

No. 05-5072
(D. Ct. No. 04-CR-37-CVE)
(D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Leonardo Castillo-Marquez entered a conditional guilty plea to possessing, with intent to distribute, 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii), in which he preserved his right to appeal the denial of his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to suppress evidence. Mr. Castillo-Marquez now appeals the District Court's order denying his motion to suppress evidence obtained from his home by way of a search warrant. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On approximately February 9, 2004, Tulsa police officer William Wolthuis met with a confidential informant who agreed to place a phone call to Mr. Castillo-Marquez for the purpose of purchasing cocaine. Before the meeting took place, Officer Wolthuis searched informant's vehicle and the informant himself for any drugs or other contraband and found none. Following this search, Officer Wolthuis gave the informant money to buy the cocaine. Thereafter, the informant met Mr. Castillo-Marquez at a predetermined destination while officers conducted surveillance of the meeting.

After officers witnessed the informant give Mr. Castillo-Marquez the money, Mr. Castillo-Marquez drove away. The informant then contacted the officers and stated that Mr. Castillo-Marquez instructed him to wait there while he retrieved the cocaine. Officers who were following Mr. Castillo-Marquez saw him pull up to a residence at 7835 E. Marshall. Upon arrival, Mr. Castillo-Marquez entered the home with a key and stayed inside for approximately two to three minutes. At this point, Officer Wolthuis ran the tag of the car Mr. Castillo-Marquez was driving and learned that it was registered to him at the 7835 E. Marshall address. He also conducted a utilities check on the home and learned that service was in Mr. Castillo-Marquez's name and had been since December 2003.

When Mr. Castillo-Marquez returned to the meeting place he handed an item to the informant which the informant later turned over to police. The item contained white powder which tested positive for cocaine. After witnessing the informant's phone call to and subsequent meeting with Mr. Castillo-Marquez, learning of the conversation between the two men, and following Mr. Castillo-Marquez to the address on the vehicle registration, Officer Wolthuis suspected Mr. Castillo-Marquez went to 7835 E. Marshall to obtain the cocaine he later sold to the informant. Officer Wolthuis prepared an affidavit for a search warrant, and the warrant was issued on February 12, 2004. After executing the search warrant at 7835 E. Marshall the following day, officers recovered over 500 grams of cocaine and arrested Mr. Castillo-Marquez.

## II. DISCUSSION

A. Standard of Review

When reviewing the denial of a motion to suppress, this court examines the totality of circumstances and reviews the evidence in the light most favorable to the government. *United States v. Gay*, 240 F.3d 1222, 1225 (10th Cir. 2001). Furthermore, we accept the district court's factual findings unless they are clearly erroneous. *Id.* We review de novo a district court's determination that a search or seizure is reasonable under the Fourth Amendment. *United States v. Wallace*, 429 F.3d 969, 974 (10th Cir. 2005).

B. Merits

Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched,

and the persons or things to be seized." U.S. Const. amend. IV.  "An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Soderstrand*, 412 F.3d 1146, 1152 (10th Cir. 2005) (quoting *United States v. Rice*, 358 F.3d 1268, 1274 (10th Cir. 2004)).  Mr. Castillo-Marquez argues that the information contained in Officer Wolthuis' affidavit does not satisfy this standard and therefore renders the search warrant invalid.  We disagree.  Based on the factual evidence contained in Officer Wolthuis' affidavit that he and other officers: (1) witnessed the confidential informant give money to Mr. Castillo-Marquez for the express purpose of purchasing cocaine; (2) learned that Mr. Castillo-Marquez told the informant he would be right back with the drugs; (3) followed Mr. Castillo Marquez to his home where he entered for two to three minutes; and (4) witnessed Mr. Castillo-Marquez return directly to the informant with cocaine, the totality of information certainly establishes a fair probability that cocaine would be found in Mr. Castillo-Marquez's home.

Mr. Castillo-Marquez next argues that the affidavit lacked information sufficient to establish a nexus between the cocaine sought by law enforcement and Mr. Castillo-Marquez's home.  It is well-established that "probable cause requires a nexus between the place to be searched and the items to be seized."  *United States v. Nolan*, 199 F.3d 1180, 1183 (10th Cir. 1999).  This Court has understood that to establish this nexus, it is not required that law enforcement obtain direct evidence or personal knowledge that the contraband sought is actually located at the place to be searched.  *See id.*  Rather, an

affidavit establishes this nexus when it describes circumstances that "would warrant a man of reasonable caution to believe that the articles sought were located at [the defendant]'s residence." *United States v. Rahn*, 511 F.2d 290, 293 (10th Cir. 1975). In this case, Mr. Castillo-Marquez told the informant to stay at the meeting place where he would return with cocaine. After this, Mr. Castillo-Marquez drove directly home, stayed in his house for a short period of time, and returned directly to the informant with the cocaine. Any person of reasonable caution would believe, in light of these facts, that Mr. Castillo-Marquez returned to 7835 E. Marshall for the purpose of picking up cocaine. Thus, the affidavit was sufficient to establish the requisite nexus between the cocaine sought by law enforcement and Mr. Castillo-Marquez's home.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the District Court's order denying Mr. Castillo-Marquez's motion to suppress.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge