**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CLARK A. MORIN,

      Defendant-Appellant.

No. 05-3352
(District of Kansas)
(D.C. No. 05-CR-10019-MLB)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HOLLOWAY**, and **McKAY**, Circuit Judges.

**I. Introduction**

On May 3, 2005, a four-count second superseding indictment charged Clark

A. Morin with violations of Titles 18 and 21 of the United States Code. Morin

moved to suppress evidence seized by police during a search of his residence,

contending the warrant that authorized the search was improper. After a

suppression hearing, the United States District Court for the District of Kansas

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

denied Morin's motion to suppress. Morin pleaded guilty to possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), but preserved his right to appeal the district court's order denying his motion to suppress. On appeal, Morin argues the affidavit supporting the search warrant suffered from material omissions, was misleading, and failed to establish a connection between the alleged illegal activity and Morin's residence. He therefore claims the warrant authorizing the search of his home was not supported by probable cause and evidence seized during that search must be suppressed. We assert jurisdiction pursuant to 28 U.S.C. § 1291. After examining the sufficiency of the search warrant affidavit based on the totality of the circumstances, we conclude the district court did not err when it denied Morin's motion to suppress. We therefore **affirm**.

## II. Background

On December 22, 2004, Kansas Bureau of Investigation Agent Ronnie Light applied for a warrant to search Morin's residence located at 1829 New Mexico Road in Iola, Kansas. In his affidavit and application, Light averred there was probable cause to believe Morin possessed and was distributing methamphetamine from his home. He cited four information sources in support of this belief: (1) reliable source #1 ("RS#1") and (2) reliable source #2 ("RS#2"), both of whom supplied information to Detective Shannon Moore of the City of Iola Police Department, who then relayed the information to Light; (3)

Juanita Sinclair, whom Light interviewed after her arrest for possession of methamphetamine and non-drug offenses; and (4) a confidential informant, later revealed to be Saber Granger, who participated in a controlled buy of methamphetamine from a person alleged to be Morin.

Based on Light's application and affidavit, the District Court of Allen County, Kansas found probable cause and issued a search warrant for Morin's residence. Kansas law enforcement officers executed the warrant on December 22, 2004. In Morin's residence, officers discovered and seized methamphetamine, marijuana, drug paraphernalia, a drug ledger, large amounts of cash, and an array of firearms. A grand jury charged Morin in a four-count second superceding indictment. The second count of the indictment alleged Morin possessed with the intent to distribute approximately 84.9 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).

Morin filed motions to suppress the evidence seized from his residence, arguing the warrant authorizing the search of his residence was not supported by probable cause. The district court held a hearing to consider Morin's motion to suppress and later denied the motion in a written memorandum and order. Upon review, the court concluded the affidavit as a whole "provided a reasonable basis for the state court judge to determine with 'fair probability' that evidence of a crime would be found at [Morin's] house." *United States v. Morin*, No. 05-10019-01 MLB, at 5 (D. Kan. 2005) (order denying motion to suppress). After

the district court's ruling, Morin entered a conditional plea of guilty to possession with intent to distribute methamphetamine, preserving for appeal the district court's denial of his motion to suppress.

**III. Analysis**

On appeal, Morin argues the warrant authorizing the search of his residence was not supported by probable cause because the affidavit supporting the warrant contained material omissions and misleading statements. He further argues the affidavit failed to establish a sufficient nexus between the alleged criminal activity and Morin's residence. Lastly, Morin argues the good faith exception to the exclusionary rule, established in *United States v. Leon*, 468 U.S. 897 (1984), does not apply. He therefore contends the evidence obtained from the search must be suppressed.

In reviewing a district court's denial of a motion to suppress, we accept the district court's factual findings unless they are clearly erroneous and review questions of law *de novo*. *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005). Whether a warrant is supported by probable cause is a question of law. *Id*. "In determining whether a warrant is supported by probable cause, we assess the sufficiency of a supporting affidavit based on the totality of the circumstances." *United States v. Cantu*, 405 F.3d 1173, 1176 (10th Cir. 2005); *see Illinois v. Gates*, 462 U.S. 213, 238 (1983). This court gives great deference to a magistrate's determination of probable cause, and "[o]ur review is limited to

-4-

ensuring that the magistrate's determination had a substantial basis." *Cantu*, 405 F.3d at 1176–77.

*A. Allegations of Material Omissions and Misleading Statements*

Morin argues the affidavit supporting the search warrant contained several material omissions and misleading statements. Under the standard set forth in *Franks v. Delaware*, a defendant seeking to challenge the veracity of a search warrant affidavit must allege deliberate falsehood or reckless disregard for the truth. 438 U.S. 154, 155–56 (1978). Morin, however, does not claim the purported flaws in the affidavit are deliberate falsehoods or products of the affiant's reckless disregard for the truth. His appeal therefore does not assert a *Franks* argument. Accordingly, our examination of Morin's argument is limited to ensuring the alleged omissions and misleading statements did not undermine the state court judge's probable cause determination such that it could no longer be said to have a substantial basis. *See Cantu*, 405 F.3d at 1176–77.

Morin claims affiant Light omitted material information from his search warrant affidavit when he failed to note confidential informant Granger was a recently arrested methamphetamine user who agreed to be an informant in the hope that he would receive leniency from prosecutors. In reviewing the omission of a confidential informant's criminal history, courts ask whether the judge issuing the warrant still would have found probable cause if the affidavit had discussed the informant's criminal history in more detail. *United States v. Avery*,

295 F.3d 1158, 1168 (10th Cir. 2002). This court has observed that when an affidavit informs a judge a confidential informant has used drugs, it puts the judge on notice the informant is "not a model citizen." *Id*. Moreover, we have noted judges issuing search warrants "often know, even without an explicit discussion of criminal history, that many confidential informants suffer from generally unsavory character and may only be assisting police to avoid prosecution for their own crimes." *Id*. (quotation omitted). In this case, the affidavit informed the state court judge Granger had purchased methamphetamine from Morin in the past. Combined with the judge's presumed background knowledge about confidential informants, the information in the affidavit was sufficient to alert the court Granger was a drug user who may have been cooperating with police for self-serving reasons. We therefore conclude the affidavit's failure to give a more thorough recitation of Granger's background did not impair the substantial basis for the state court's probable cause determination.

Morin also claims it was misleading to characterize RS#1 and RS#2 as "reliable" sources when Light admitted he had never used either source in the past, and when only one of the two sources had previously provided information to law enforcement authorities. In assessing the credibility of information from an anonymous source, a court must take into account "all the circumstances set forth in the affidavit." *Gates*, 462 U.S. at 238. It may not simply accept an affiant's portrayal of the source as "reliable" or "credible." *Id*. at 239 (noting an

-6-

affiant's statement that he has received reliable information from a credible source, standing alone, is insufficient to establish probable cause). Thus, when the state court evaluated the credibility of information obtained from RS#1 and RS#2, it was required to focus on the totality of the circumstances described by the affidavit, not the mere use of the word "reliable." Accordingly, the affiant's use of the adjective "reliable" did not undercut the substantial basis for the state court's probable cause determination.

Morin further argues the affidavit's description of the controlled buy between confidential informant Granger and Morin was misleading. In relevant part, the affidavit states:

> The CI [confidential informant Granger] was followed by officers involved with the controlled purchase. At approximately 1:30 a.m. Affiant was informed that MORIN wanted the CI to meet on the highway (US 169 Hwy). Affiant was informed that MORIN would by [sic] driving his maroon Ford Ranger truck. At 1:35 a.m. the CI met with MORIN near the intersection of 1600 St. and Minnesota Rd. MORIN arrived at the meeting place prior to the CI's arrival. SA BOTTS recorded the conversation from the wireless transmitter. At approximately 1:39 a.m. SA COMMONS observed a vehicle later identified as MORINS [sic] Ford Ranger truck leave the meeting place and proceed west on Minnesota Rd. Affiant observed the vehicle believed to be occupied by Morin turn and proceed south on US-169 Hwy. Affiant proceeded north on US-169 Hwy, and observed the CI drive back to the prearranged meeting place.

ROA vol. I, tab 17, attachment 1 at 4. Morin claims the affidavit is written so as to imply the affiant witnessed Morin participating in the drug transaction, when in fact, no law enforcement officer positively identified Morin during the controlled

buy.  The phrasing of the affidavit, however, belies Morin's argument.  The affidavit states one law enforcement officer saw a vehicle "later identified" as belonging to Morin leave the location of the controlled buy, and states the affiant saw a vehicle "believed to be occupied by Morin" turn and drive down the highway.  These descriptions make clear law enforcement officers did not positively identify Morin at the time of the controlled buy.  We thus conclude the wording of the affidavit did not affect the substantial basis for the state court's probable cause determination.

*B. Nexus Between Alleged Illegal Activity and Morin's Residence*

In addition to his claim that the search warrant affidavit is marred by material omissions and misleading statements, Morin stresses confidential informant Granger was the only source identified in the affidavit to allege illegal activity occurred in Morin's residence.  He argues the information supplied by Granger, considered in the context of the alleged material omissions and misleading statements described above, is insufficient to demonstrate a connection between the alleged criminal activity and the place to be searched—Morin's residence.  Therefore, Morin contends, the affidavit did not establish probable cause to search Morin's home.

Probable cause exists when facts presented in a supporting affidavit "would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched."  *United States v. Nolan*, 199 F.3d 1180, 1183

(10th Cir. 1999) (quotation omitted). It thus "requires a nexus between suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990). A court reviewing an application for a search warrant must "make a practical, common-sense decision" whether the supporting affidavit demonstrates "a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. The court "may draw reasonable inferences from the material provided in the warrant application." *United States v. Rowland*, 145 F.3d 1194, 1205 (10th Cir. 1998). As noted above, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Gates*, 462 U.S. at 238–39 (quotation and alterations omitted).

After examining the search warrant affidavit with these standards in mind, we conclude there was a substantial basis to support the state court's probable cause determination. The affidavit established a connection between alleged illegal drug activities and Morin's residence when it stated that various identified sources claimed Morin sold methamphetamine from his house, sometimes manufactured methamphetamine, and equipped his house with firearms and an infrared video surveillance system. ROA vol. I, tab 17, attachment 1 at 2–5. The nexus was furthered by the sources' statements that Morin's unattached garage had painted windows, an exhaust system, and was subject to traffic and activity. *Id*. It was permissible for the state court, drawing reasonable inferences from

these statements, to conclude there was a fair probability that contraband or evidence of a crime would be found at Morin's residence. Accordingly, the state court had a substantial basis for its probable cause determination.

In sum, the district court did not err when it denied Morin's motion to suppress evidence seized from his residence. In light of our conclusion, it is unnecessary to discuss the *Leon* good faith exception to the exclusionary rule.

**IV. Conclusion**

For the foregoing reasons, we **affirm** the district court's denial of Morin's suppression motion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-10-