FILED
United States Court of Appeals
Tenth Circuit

June 23, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

BRANNON DEAN SHELTON,

> Defendant - Appellant.

No. 19-2112
(D.C. No. 5:18-CR-02045-KG-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Brannon Dean Shelton was arrested after a police officer observed him and two other men acting suspiciously near a parked car late at night in a quiet residential area. Suspecting a car burglary, the officer investigated and during the encounter, Shelton fled the scene. The officer caught and arrested Shelton, and the officer subsequently obtained a warrant to search the car and found a firearm belonging to Shelton.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Shelton was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He filed a motion to suppress, which the district court denied. Shelton pleaded guilty conditioned on his ability to appeal the denial of his motion to suppress.

On appeal, Shelton argues the arresting officer lacked reasonable suspicion to detain him during the initial investigation; that the officer's pursuit of Shelton onto private property was unsupported by probable cause or exigent circumstances; and that there was no probable cause for the subsequent impoundment and search of the car. We reject these arguments, and AFFIRM.

## I. Background

A few minutes before midnight on January 4, 2018, Officer Johnny Estrada was patrolling a residential neighborhood in Roswell, New Mexico. As he drove by a residence, he observed three people holding flashlights and standing around a car parked in the driveway. The car doors were open and the individuals appeared to be searching the car with flashlights. Knowing the neighborhood to be a "high crime area," and knowing that vehicle burglaries commonly occur late at night and involve the use of flashlights, Officer Estrada suspected a burglary in progress.

Officer Estrada turned his patrol car around, turned on his emergency lights, and blocked the driveway. By then, the individuals were all seated in the car with the doors shut, which heightened Officer Estrada's suspicion.

As Officer Estrada exited his car and began walking towards the car in the driveway, the three occupants, one of whom was Shelton, got out and began walking towards the backyard of the residence. Suspecting they were attempting to flee, Officer Estrada twice called out, "Hey, come here." In response, Shelton began running into the backyard. After a short chase, a scuffle occurred between Officer Estrada and Shelton. Shelton was finally subdued after Officer Estrada found him hiding under a trailer. Shelton was arrested for battery and evading arrest.

The other two occupants of the car stopped fleeing when Officer Estrada started to pursue them, and Officer Estrada ordered them to stay where they were as he continued his pursuit of Shelton. One of them nevertheless attempted to flee and was arrested by another officer two houses away. He was found to have an uncapped syringe in his pocket; he told the arresting officer he was "just a user."[1]

---

[1] Officer Estrada turned on his body cam as he pulled up to the driveway, and the other occupant's arrest was also recorded. Both videos are contained in the record on appeal.

After Shelton's arrest, Officer Estrada asked him who owned the car, and Shelton said he did not know. He was then transported to the police department, where he volunteered that anything found in the car did not belong to him. Several days later, Officer Estrada determined the registered owner of the car was an individual from the Albuquerque area. She told Officer Estrada she had given Shelton the car so that he could work on it for her.

The car was impounded and taken to a Roswell police station. Four days after Shelton's arrest, Officer Estrada obtained a search warrant authorizing a search of the car for "any drug paraphernalia, any illegal narcotics, any proof of ownership, proof of occupancy, any burglary tools (i.e., flashlights, gloves, entry tools)." R. Vol. II at 41. Officer Estrada executed the warrant and found drug paraphernalia, a white crystalline substance, and a wallet with Shelton's name on it in a backpack. He also found a gun next to the wallet. After determining Shelton was a felon, Officer Estrada obtained a second search warrant that included the gun. He executed the second search warrant and seized the gun.

## II. Analysis

Shelton asserts three points of error on appeal. First, he argues the arresting officer lacked reasonable suspicion to detain him during the initial investigation. Second, he argues the officer's pursuit of Shelton onto private property was unsupported by probable cause or exigent circumstances. Finally,

-4-

Shelton argues there was no probable cause for the subsequent impoundment and search of the car.

On review of a ruling on a motion to suppress,[2] we "view the evidence in the light most favorable to the prevailing party and accept the district court's findings of fact unless they are clearly erroneous." *United States v. Hernandez*, 847 F.3d 1257, 1263 (10th Cir. 2017). "While the existence of reasonable suspicion is a factual determination, the ultimate determination of the reasonableness of a search or seizure under the Fourth Amendment is a question of law reviewed de novo." *United States v. Fonseca*, 744 F.3d 674, 680 (10th Cir. 2014).

### A. *Detention and Reasonable Suspicion*

Shelton first argues he was detained without reasonable suspicion and that Officer Estrada's subsequent discovery of the gun was therefore the result of a Fourth Amendment violation. A defendant has the burden to prove whether and when a seizure has occurred. *United States v. Carhee*, 27 F.3d 1493, 1496 (10th

---

[2] We note the district court stated that in assessing Shelton's motion to suppress, it must view the evidence in the light most favorable to the government. As we recently explained in *United States v. Goebel*, 959 F.3d 1259 (10th Cir. 2020), that is not the applicable standard. "On a motion to suppress, the district court must assess the credibility of witnesses and determine the weight to give to the evidence presented; the inferences the district court draws from that evidence and testimony are entirely within its discretion." *Id.* at 1265. In this case, the district court's incorrect recitation of the applicable standard has no bearing on the appeal because Shelton does not dispute any of the district court's factual findings.

Cir. 1994). "[T]he crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Florida v. Bostick*, 501 U.S. 429, 437 (1991).

Shelton contends he was detained when Officer Estrada pulled up behind Shelton's car and blocked the driveway. But we need not resolve this question because Officer Estrada had reasonable suspicion to investigate the suspicious behavior he encountered.

To justify a detention, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). Reasonableness is determined "in light of common sense and ordinary human experience." *United States v. Mendez*, 118 F.3d 1426, 1431 (10th Cir. 1997). The totality of the circumstances must be considered, and neither the officer nor the court need "rule out the possibility of innocent conduct." *United States v. Arvizu*, 534 U.S. 266, 274 (2002).

We conclude specific and articulable facts were present which, taken together with rational inferences from those facts, constituted reasonable suspicion. Officer Estrada observed several people, at midnight, holding

-6-

flashlights and standing around a car parked in a driveway to a residence. It was rational to infer from those facts that a burglary was in progress. This inference was further supported by the fact that Officer Estrada knew the neighborhood to be a "high crime area."[3] When the Officer approached the vehicle, Shelton and the two passengers started to walk away. Then, Shelton and one of the passengers began to flee after the Officer asked them to return. The passenger complied but Shelton fled into the back yard as Officer Estrada gave chase.

Given these circumstances, Officer Estrada's suspicion of a burglary in progress was reasonable in light of common sense and ordinary human experience. It was objectively reasonable for a police officer to investigate the situation and resolve his suspicions, thus justifying a brief detention.

## B.    *Warrantless Entry onto Private Premises*

Shelton next argues that Officer Estrada lacked the necessary probable cause to pursue Shelton onto private property without a warrant and that there were no exigent circumstances to support Officer Estrada's pursuit of Shelton. We disagree.

A warrantless entry onto private premises is presumptively unreasonable. *Kentucky v. King*, 563 U.S. 452, 459 (2011). The Supreme Court recognizes,

---

[3] This observation, while never enough, standing alone, to establish reasonable suspicion, still weighs in favor of reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000).

however, that if probable cause for an arrest exists, then "several exigencies . . . may justify a warrantless search of a home." *Id.* at 460. For example, "officers may enter premises without a warrant when they are in hot pursuit of a fleeing suspect." *Id.* "Hot pursuit" occurs when an officer is in "immediate or continuous pursuit" of a suspect from the scene of a crime. *United States v. Santana*, 427 U.S. 38, 42–43 (1976); *see also United States v. Jackson*, 139 F. App'x 83, 86 (10th Cir. 2005). A police officer has probable cause for arrest when there are "facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975).

Applying these principles, we hold Officer Estrada's reasonable suspicion ripened into probable cause when Shelton attempted to flee, thus giving rise to the exigent circumstances necessary for Officer Estrada to pursue Shelton onto the property without a warrant. In *United States v. Charles*, 576 F.3d 1060 (10th Cir. 2009), the court held that police officers' reasonable suspicion ripened into "more than sufficient probable cause" when the defendant, who the officers already reasonably suspected of a crime, ran away from the officers. *Id.* at 1065; *see also Illinois v. Wardlow*, 528 U.S. at 124 ("Headlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such."). Similarly, Officer Estrada's reasonable

suspicion ripened into probable cause when Shelton ignored his commands and ran into the backyard. It was therefore permissible under the circumstances for Officer Estrada to pursue Shelton onto private property.[4] *See Kentucky v. King*, 563 U.S. at 460 ("[O]fficers may enter premises without a warrant when they are in hot pursuit of a fleeing suspect.").

Shelton argues, however, that there were no exigent circumstances because Shelton's choice not to comply with Officer Estrada's order to "come here," was within Shelton's constitutional rights. He bases this argument on the principle that an individual has "the constitutional right to walk away from a law enforcement officer *who lacks probable cause or reasonable suspicion* to detain or seize him or her." *Romero v. Story*, 672 F.3d 880, 889 (10th Cir. 2012) (emphasis added). As discussed above, however, Officer Estrada already had reasonable suspicion in the first instance.[5] We therefore reject this argument.

---

[4] It was later established at the hearing on the motion to suppress that Shelton in fact lived at the address where Officer Estrada first encountered him. This fact, however, has no bearing on our analysis. There is no evidence Officer Estrada knew that Shelton was in front of his own home when he encountered what he reasonably suspected was a car burglary in progress, nor did Shelton ever communicate that fact to Officer Estrada, even after he was arrested for battery and evading arrest.

[5] The prior existence of reasonable suspicion also distinguishes this case from *United States v. Davis*, 94 F.3d 1465 (10th Cir. 1996), on which Shelton also relies. In *Davis*, officers observed a known felon exit his vehicle, make eye contact with them, then look away and walk toward an establishment known for illegal activity. *Id.* at 1468. The court held this combination of factors did not

(continued...)

-9-

## C.    *Impoundment and Validity of Search Warrant*

Finally, Shelton argues the first search warrant of the car was not supported by probable cause and the initial impoundment of the vehicle violated the Fourth Amendment.  We reject these arguments.

Where a warrant is obtained, a reviewing court determines the sufficiency of the warrant by examining the affidavit supporting it.  *See United States v. Cooper*, 654 F.3d 1104, 1124 (10th Cir. 2011).  The court determines the sufficiency of the affidavit "by looking at the totality of the circumstances and simply ensuring that the magistrate had a substantial basis for concluding that probable cause existed."  *Id.*  Probable cause exists when "there is a fair probability that the contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238–39 (1983).  The "affidavit supporting the search warrant need not contain direct evidence or personal knowledge that the items sought are located at the place to be searched."  *United States v. Nolan*, 199 F.3d 1180, 1183 (10th Cir. 1999).  Instead, the magistrate judge may draw reasonable inferences from the information in the affidavit supporting the warrant.  *Id.*

---

(...continued)
give rise to reasonable suspicion.  Here, however, Officer Estrada already had reasonable suspicion before Shelton fled.

Officer Estrada's affidavit demonstrates the magistrate judge had a "substantial basis" for concluding probable cause existed. Officer Estrada had reasonable suspicion to believe a car burglary was in progress, which ripened into probable cause when the suspects walked away and then broke into a run. Given that the suspects were inside the car when Officer Estrada pulled up to the driveway, he reasonably suspected that evidence of a burglary or attempted burglary (e.g., gloves, flashlights, or entry tools) might be found in the car. In addition, a passenger in the car attempted to flee and when apprehended by another officer was found to have an uncapped syringe in his possession. While the simple act of carrying a syringe may be completely legal, neither the officer nor the court need "rule out the possibility of innocent conduct." *Arvizu*, 534 U.S. at 277. These facts, as set forth in Officer Estrada's affidavit, sufficiently demonstrate there was a fair probability the vehicle would contain evidence of a crime.

Finally, Shelton argues that Officer Estrada's impoundment of the car violated the Fourth Amendment. *See United States v. Sanders*, 796 F.3d 1241, 1248 (10th Cir. 2015). When, however, the police have probable cause to believe a vehicle contains contraband or evidence of criminal activity, the police may seize it without a warrant and hold it for "whatever period is necessary to obtain a warrant for the search." *Chambers v. Maroney*, 399 U.S. 42, 51–52 (1970). The

*Chambers* court explained: "[W]e see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." *Id.* It is true that Shelton was a permissive user of the impounded car. Significantly, however, Shelton never told Officer Estrada on the night of the encounter that he had the right to use the car. Officer Estrada only learned that fact after he tracked down the owner of the car several days later.

In sum, we reject Shelton's arguments regarding the search of the vehicle. Officer Estrada had probable cause for the impoundment, which in turn supported the subsequent warrant and search.

## III. Conclusion

For the foregoing reasons, we hold the district court correctly denied Shelton's motion to suppress. Shelton's Fourth Amendment rights were not violated, and we therefore **AFFIRM** the district court.

Entered for the Court

Timothy M. Tymkovich
Chief Judge