**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

Patrick J. Fisher, Jr.                                          Jane B. Howell
    Clerk                                                   Chief Deputy Clerk

February 19, 2004


**TO:**   ALL RECIPIENTS OF THE OPINION

**RE:**   No. 02-1238, *United States v. Hernandez-Rodriguez*
          Filed on December 16, 2003

          Modifications have been made to this decision.  The modifications are
found on page 7, and shown in bold.

          Attached please find a revised copy of the opinion.

                                        Sincerely,
                                        Patrick Fisher, Clerk of Court


                                        By:   Amy Frazier, Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 16 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### TENH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE ARTURO
HERNANDEZ-RODRIGUEZ,

Defendant-Appellant.

No. 02-1238

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 99-CR-292-S)

Submitted on the Briefs:

John W. Suthers, United States Attorney and James C. Murphy, Assistant United
States Attorney, Denver, Colorado, for Plaintiff-Appellee.

Richard A. Hostetler, Denver, Colorado, for Defendant-Appellant.

Before **HARTZ**, **BALDOCK** and **McCONNELL**, Circuit Judges,

**McCONNELL**, Circuit Judge.

An anticipatory search warrant is a "warrant which only becomes effective upon the happening of a future event" – often called the "triggering event" – which is, more often than not, the controlled delivery of drugs or other contraband by law enforcement officers. *United States v. Hugoboom*, 112 F.3d 1081, 1085 (10th Cir. 1997). Anticipatory warrants are generally permissible under the Fourth Amendment, but care must be taken to describe the triggering event with sufficient specificity to ensure that any judgment call regarding probable cause is made by a neutral magistrate and not by the enforcing officer. This case raises the question whether a warrant that is to be executed when "delivery" of a package is "made" by an undercover officer posing as a UPS delivery man is sufficiently specific, and whether it is necessary that this language be contained in the warrant itself or papers attached to the warrant.[1]

## Background

The events leading up to the issuance of the warrant in question began on December 10, 1996, when federal and state Drug Task Force agents in Denver, Colorado received information from Drug Task Force agents in Cerritos, California regarding a suspicious UPS package. California authorities determined

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore submitted without oral argument.

that the package had a fictitious return address and telephone number. They also found it suspicious that the package was sent via overnight mail costing $35.25, while the description of the package's contents was $90.00 in ceramics. The package was also wrapped tightly in brown paper with an abundance of tape, appearing to be over-wrapped. The authorities in California forwarded the UPS package to Denver police, who worked with the state and federal Drug Task Force in Colorado. When the package arrived at Denver International Airport, task force agents brought in a trained narcotics canine which "alerted" to the package. Subsequently, a federal DEA agent, Special Agent Gregory B. Salazar, applied for and received a search warrant for the package from Denver County Court Judge Bowers. Upon investigation, the officers found that the package contained three kilograms of cocaine.

After the agents determined that the package contained drugs, they made an application to Judge Bowers for a warrant to search the residence to which the package was addressed. The package was addressed to a Terry Rivera, residing at 4260 Perri Street, Denver, Colorado. Agents noted that Denver contains no street named "Perri" and therefore sought a search warrant for 4260 Perry Street. The affidavit from Agent Salazar, supporting the warrant, described the circumstances surrounding the discovery and search of the package. It explained that the package was currently in the possession of police officers, and that Detective

Ketcher of the Denver Narcotics Task Force intended to make a controlled delivery of the package to the residence. The affidavit further stated that it was Agent Salazar's experience that persons trafficking in narcotics and receiving such packages commonly also possess other controlled substances, weapons, paraphernalia, drug transaction ledgers and records, and assets, including currency. The affidavit requested that a search warrant be granted for 4260 Perry Street in order to search for "additional evidence in regards to the violations of the Colorado Revised Statutes concerning controlled substances, when the delivery is made by Det. Kechter." Judge Bowers issued the search warrant. The warrant itself did not set forth the condition precedent for execution of the warrant – namely, "when the delivery is made by Det. Kechter" – but it "incorporated by reference" Agent Salazar's affidavit, which contained this instruction.

The officers executed the search warrant for the residence on the morning of December 11, 1996. Detective Kechter, dressed as a UPS driver, went to 4260 Perry Street and knocked on the door. A young woman, later identified as Aracely Rodriguez-Rios, answered the door. It seemed to Detective Kechter that the woman did not speak English, but they apparently were able to communicate in a limited manner. Ms. Rodriguez-Rios signed for the package, signing the name addressed: "Terry Rivera." After delivery of the package, the agents

executed the warrant. In their search of the residence, they found two other occupants – including Appellant Jose Arturo Hernandez-Rodriguez – as well as two large soap boxes containing between two and four pounds of methamphetamine. Agents also located two plastic bags containing cocaine, which had Mr. Hernandez-Rodriguez's fingerprints on them.

Mr. Hernandez-Rodriguez was subsequently charged in a two count indictment with one count of conspiracy to possess with intent to distribute cocaine, and a second count of conspiracy to possess with intent to distribute methamphetamine, both in violation of 21 U.S.C. §§ 841 and 846. Mr. Hernandez-Rodriguez was found guilty by a jury on both counts in a trial in the District of Colorado. The district court granted a post-trial motion for acquittal on the second count, but found the methamphetamine involved to be relevant to sentencing factors. Mr. Hernandez-Rodriguez was ultimately sentenced to 235 months in prison.

Prior to his trial, Mr. Hernandez-Rodriguez moved to suppress evidence gathered pursuant to both the search warrant of the UPS package and the search warrant for the residence on Perry Street. The district court denied both motions. It is only the second search warrant, of the residence, that is at issue in this appeal. The principal issue raised by Mr. Hernandez-Rodriguez in district court was whether the evidence concerning the drug package provided probable cause

to justify a search of the entire home. He did not raise the issue posed by this appeal: whether the warrant and affidavit for search of the residence articulated the condition precedent for execution of the warrant with sufficient specificity. The district court, however, raised this issue *sua sponte*. The court concluded:

> I'm not going to suppress it because one sentence, the last sentence of the affidavit: "In order to search for additional evidence when delivery is made by Detective Kechter." There is a condition precedent. But boy, you are so close, in my opinion it could go either way.

App., Vol. II, at 105.

On appeal, Mr. Hernandez-Rodriguez presents two arguments relating to the anticipatory warrant. First, he argues that "[t]he search warrant for the residence was not a valid anticipatory warrant because neither the warrant nor the affidavit in support of the warrant set forth a sufficient description of the triggering event as determined by the issuing magistrate." Second, he argues that the warrant was legally insufficient because the warrant itself did not describe the triggering event, nor was the affidavit describing the triggering event attached to the warrant at the time it was executed. Aplt. Br. 2. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's denial of Mr. Hernandez-Rodriguez's motion to suppress, as well as his conviction and sentence.

**Analysis**

## I.      Standard of Review

We confront at the outset the standard of review to be applied to the decision below. As already noted, Mr. Hernandez-Rodriguez did not raise before the district court the issues he now pursues on appeal. Ordinarily, appellate courts will not consider arguments for the first time on appeal, and can do so only if the record is sufficiently developed; when an appellate court reaches an issue not raised below, review is for plain error. *See, e.g., United States v. Avery*, 295 F.3d 1158, 1182 (10th Cir. 2002). With respect to his first issue, however, the district court raised the issue *sua sponte* and decided the question explicitly on the merits. As to the second issue, there was no ruling by the district court.

We conclude that when the district court *sua sponte* raises and explicitly resolves an issue of law on the merits, the appellant may challenge that ruling on appeal on the ground addressed by the district court even if he failed to raise the issue in district court. In such a case, review on appeal is not for "plain error," but is subject to the same standard of appellate review that would be applicable if the appellant had properly raised the issue. Thus, we review de novo the district court's determination that the warrant was sufficiently specific with respect to the triggering event. In reviewing the district court's denial of the motion to suppress, we accept the district court's "factual findings and view the

-7-

evidence in the light most favorable to the government." *United States v. Simpson*, 152 F.3d 1241, 1246 (10th Cir. 1998) (citing *United States v. Dahlman*, 13 F.3d 1548, 1552 (10th Cir. 1993)).  With respect to the second issue, which was neither raised by Appellant nor resolved by the district court, we review for plain error.  "Under this standard, reversal is warranted only where there is: (1) an error; (2) that is plain or obvious; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *Avery*, 295 F.3d at 1182 (citation omitted).

It may seem counterintuitive that we would apply a more exacting standard of review when a diligent district court judge thinks to raise and resolve an issue that a party neglected to raise on its own behalf.  This may seem to fall into the all-too-familiar category of "no good deed goes unpunished."  But the reasons for requiring a party to raise issues before the district court are to give that court – which often is in the best position to evaluate a legal issue in light of its factual context, and to develop the factual record necessary to resolve it – an opportunity to address the issue in the first instance, and to avoid errors while they are still avoidable. *See* Derrick A. Carter, *A Restatement of Exceptions to the Preservation of Error Requirements in Criminal Cases*, 46 U. Kan. L. Rev. 947, 950 (1998); Edward W. Cleary et al., *McCormick on Evidence* § 52 at 128 (3d ed. 1984). When an issue is timely raised, this also affords opposing counsel the opportunity

to argue the point and, perhaps more importantly, to offer relevant evidence. Here, the district court's own alertness in raising the issue of the specificity of the triggering event had the same effect that an argument by Appellant would have had. Opposing counsel had an opportunity to address the question, the district judge had the opportunity to rule, and this Court has the benefit of his ruling.

An analogy may be found in the Supreme Court's interpretation of 28 U.S.C.§ 1331, which limits its jurisdiction over state court decisions to federal questions that were properly raised by the parties in state court. The requirement that parties raise an issue in state court as a prerequisite to Supreme Court review serves much the same function as the requirement that parties raise issues in district court as a prerequisite to appellate review. Yet the Court has held on numerous occasions that where a state court has explicitly addressed and decided the federal question, 28 U.S.C § 1331 is satisfied even if the petitioner or appellant failed to raise the issue. *See, e.g.*, *Orr v. Orr*, 440 U.S. 268, 274-75 (1979); *Whitney v. California*, 274 U.S. 357, 360-61 (1927); *Manhattan Life Ins. Co. v. Cohen*, 234 U.S. 123, 134 (1914).

In any event, even if appellate review of the district court's denial of the motion to suppress is de novo with respect to legal issues, our review of the issuing magistrate's finding of probable cause is very deferential: "Our duty is to ensure that the magistrate judge had a 'substantial basis' for concluding that the

affidavit in support of the warrant established probable cause." *United States v. Nolan*, 199 F.3d 1180, 1182 (10th Cir. 1999) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *accord Simpson*, 152 F.3d at 1246; *United States v. Janus Indus.*, 48 F.3d 1548, 1552 (10th Cir. 1995). As we have previously observed, "[b]ecause of the 'strong preference' for searches conducted pursuant to a warrant, the Supreme Court has instructed us to pay 'great deference' to a magistrate judge's determination of probable cause." *Nolan*, 199 F.3d at 1182 (quoting *Gates*, 462 U.S. at 236). Ultimately, "[t]he test is whether the facts presented in the affidavit would 'warrant a man of reasonable caution' to believe that evidence of a crime will be found at the place to be searched." *Nolan*, 199 F.3d at 1183 (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983) (plurality opinion)).

For purposes of this appeal, the government has conceded that probable cause did not exist to search the Perry Street residence until the package was actually delivered. Gov't Br. 8. Thus, we need not consider whether the mere fact that a valuable package of contraband is addressed to a particular place for delivery constitutes probable cause for a search. On the other hand, for purposes

of this appeal, Mr. Hernandez-Rodriguez does not question whether probable cause existed once the delivery had been made and the package had been taken into the home. The sole questions in this case have to do with the specificity with which the triggering event – delivery of the package – was described, and whether that description was required to appear on the face of the warrant or in papers physically attached to the warrant.

## II. Specificity

Mr. Hernandez-Rodriguez argues that the search warrant for the Perry Street residence was invalid because neither the warrant nor the affidavit in support of the warrant set forth a sufficient description of the triggering event to allow the issuing judge to find probable cause. We disagree.

As with all warrants, so with anticipatory warrants, the United States Constitution commands only that "'a search . . . not be "unreasonable," and that warrants . . . be supported by "probable cause."'" *Hugoboom,* 112 F.3d 1085 (quoting *United States v. Gendron*, 18 F.3d 955, 965 (1st Cir. 1994) (Breyer, C.J.) (quoting U.S. Const. amend IV)).

> [A]s a general proposition the facts put forward to justify issuance of an anticipatory warrant are more likely to establish that probable cause will exist at the time of the search than the typical warrant based solely upon the known prior location of items to be searched at the place to be searched.

*Id.* at 1086 (citing Wayne H. LaFave, *Search and Seizure* § 3.7(c), at 97 (2d ed.

1987)). Accordingly, we have recognized that

> [t]here is nothing unreasonable about authorizing a search for tomorrow, not today, when reliable information indicates that [the contraband] will reach the house, not now, but then. Nor does it seem automatically unreasonable to tie the warrant's search authority to the future event that brings with it the probable cause. . . . In principle, the use of a 'triggering event' can help assure that the search takes place only when justified by 'probable cause.'

*Id.* (quoting *Gendron*, 18 F.3d at 965 (citation omitted)).[2]

This Court has rejected any suggestion that an affidavit in support of an anticipatory warrant must be subjected to "closer scrutiny than an affidavit seeking the issuance of a warrant which would be effective immediately." *Hugoboom*, 112 F.3d at 1086. Nonetheless, our cases have stressed that "the warrant or affidavit should express conditions permitting the search to be conducted only after the anticipated events have taken place." *United States v. Rowland*, 145 F.3d 1194, 1201 (10th Cir. 1998). The articulation of the triggering event serves two important purposes. First, it ensures that the warrant will not be

---

[2] Mr. Hernandez-Rodriguez cites Colorado precedent that suggests that anticipatory warrants are not recognized under Colorado law. *People v. Poirez*, 904 P.2d 880 (Colo. 1995), cited in Appellant's Br. 18. It is well established, however, that federal standards govern the admissibility of evidence seized, even pursuant to a state warrant, in a federal prosecution. *See, e.g.*, *United State v. Le*, 173 F.3d 1258, 1264-65 (10th Cir. 1999). "The basis for this principle is that 'the exclusionary rule is only concerned with deterring [federal] Constitutional violations.'" *Id.* at 1265 (quoting *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994)). "Therefore, the fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended." *Id.* (internal citations, quotations and brackets omitted).

executed prematurely, before there is probable cause.  Second, and more importantly, it "maintains judicial control over the probable cause determination and over the circumstances of the warrant's execution." *Id.* at 1202.  If the triggering event were articulated in terms of an exercise of the officer's unfettered discretionary judgment – for example, "when events occur that establish probable cause" – this would transfer control over probable cause determinations from the magistrate to the law enforcement officer, and thus undermine the purpose of the warrant requirment.  Accordingly, an anticipatory warrant is valid only if "the conditions precedent to execution are clearly set forth in the warrant or in the affidavit in support." *Hugoboom*, 112 F.3d at 1085; *Rowland*, 145 F.3d at 1201.

As outlined in Agent Salazar's affidavit, the triggering event in this case was as follows: Detective Ketcher would dress as a UPS delivery person, deliver the package to the address, and upon delivery to the address agents would execute the warrant. *See* Aff. 2, App. 33.  Mr. Hernandez-Rodriquez argues that this description of the triggering event was not precise enough.  Specifically, he suggests that the term "delivery" would allow the execution of the warrant after leaving the package on the doorstep.

The district judge commented that the question of specificity of the description of the triggering event was so "close" that "in my opinion it could go

either way." App., Vol. II, at 105. The court concluded, however, that the last sentence of the affidavit, which contained the words "when delivery is made by Dectective Kechter," set forth the condition precedent. In its oral ruling, the court elaborated:

> The big issue is the triggering event. And I conclude that based upon two statements in the affidavit, the triggering event is sufficiently set forth; that is, Ketcher will act in an undercover capacity to deliver the controlled substance to the suspects at the location of 4260 Perry Street, City and County of Denver. The search warrant will be granted for that address in order to search for additional evidence regarding the violation of Colorado Revised Statutes concerning controlled substances. And the key language is "when the delivery is made," which the Court concludes satisfies the condition precedent. In the absence of the delivery, the warrant would be void; and the officer has clearly stated that had the delivery not been accomplished and the contraband – known contraband in the package not accepted by the residents at 4260 Perry, they would have not executed the warrant.

App., Vol. II, at 116.

We agree. A magistrate's issuance of a warrant must be evaluated in accordance with "practical, commonsense" considerations. *Gates*, 462 U.S. at 238. As a matter of common sense usage, when a law enforcement officer posing as a UPS delivery person is instructed to make a "delivery" of a valuable package containing dangerous contraband, it is unlikely that this instruction would be understood as authorizing the officer to leave it on the doorstep. Indeed, the district court found that the police understood the warrant as requiring acceptance by the residents at 4260 Perry Street. We therefore conclude that "the conditions

precedent to execution are clearly set forth in the warrant or in the affidavit in support" of the warrant. *Hugoboom*, 112 F.3d at 1085.

This conclusion is supported by our precedents. We have recently reaffirmed that an anticipatory warrant's "probable cause requirement is satisfied by reference to a controlled *delivery* of contraband in the supporting affidavit." *United States v. Lora-Solano*, 330 F.3d 1288, 1292 (10th Cir. 2003) (emphasis added). "When the warrant affidavit refers to a controlled *delivery* of contraband to the place designated for search, the nexus requirement of probable cause is satisfied and the affidavit need not provide additional independent evidence linking the place to be searched to criminal activity." *Id.* (quoting *Rowland*, 145 F.3d at 1202-03) (internal brackets and quotations omitted) (emphasis added). In his brief to this Court, Mr. Hernandez-Rodriguez cites several decisions from this and other courts upholding anticipatory warrants that described the triggering events in seemingly more precise and explicit terms. But he cites no decision holding that an anticipatory warrant authorizing a search upon "delivery" of a package is constitutionally invalid.

Therefore, the district court did not err in denying Mr. Hernandez-Rodriguez's motion to suppress on this ground.

## III. Attachment of the Affidavit to the Warrant

Mr. Hernandez-Rodriguez also argues that the district court erred in not

suppressing the evidence gathered at the Perry Street residence due to the fact that the condition precedent, or triggering event, was not described in the warrant itself and the affidavit which described the triggering event was not attached to the warrant when it was executed. He urges us to adopt the rule of the Ninth Circuit, announced in *United States v. Hotal*, 143 F.3d 1223, 1227 (9th Cir. 1998) (Reinhardt, J.), that the condition for anticipatory warrants must be set forth on the face of the warrant or the affidavit containing such conditions must be attached.

That argument is precluded by our precedents. As the *Hotal* decision itself noted, Tenth Circuit decisions have explicitly declined to find that the Fourth Amendment entails such a requirement. *Id.* at 1226. Our precedents are clear: "'[w]e will not posit a Fourth Amendment violation requiring suppression . . . when constitutionally satisfactory conditions for execution of the warrant are stated in the affidavit that solicits the warrant, accepted by the issuing magistrate, and actually satisfied in the execution of the warrant.'" *Hugoboom*, 112 F.3d at 1086 (quoting *United States v. Moetamedi*, 46 F.3d 225, 229 (2d Cir. 1995). We have stated that it is the "preferred practice" for the anticipatory warrant to "itself set out, or incorporate by reference, the conditions for the warrant's execution," but that "there is no Fourth Amendment violation" when the conditions are set

-16-

forth in the affidavit that solicits the warrant. *Rowland*, 145 F.3d at 1201 n.2.[3]

In so holding, our Fourth Amendment jurisprudence is in accord with that of the Second, Sixth, Seventh, and Eighth Circuits. *See Moetamedi*, 46 F.3d at 229; *United States v. Rey*, 923 F.2d 1217, 1221 (6th Cir. 1991); *United States v. Dennis*, 115 F.3d 524, 529 (7th Cir. 1997); *United States v. Tagbering*, 985 F.2d 946, 950 (8th Cir. 1993). In this good company, we would see no reason to depart from our earlier cases, even if we were free to do so, which we are not. "Absent an intervening Supreme Court or en banc decision justifying such action, we lack the power to overrule" our own precedent. *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996); *see also United States v. Walling*, 936 F.2d 469, 472 (10th Cir.1991) ("One panel of the court cannot overrule circuit precedent.").

In any event, the record does not show whether the affidavit accompanied the warrant at the time of its execution. Had Mr. Hernandez-Rodriguez raised this issue in district court, it would have been possible for that court to develop the record on this point. This constitutes a second and independent basis for rejecting his argument on appeal.

---

[3] In the context of challenges to warrants based on an insufficiently specific description of the scope of the warrant, this Court has held that the affidavit in support of the warrant can cure the want of specificity, but only if the affidavit is both incorporated in and attached to the warrant itself. *United States v. Leary*, 846 F.2d 592, 603 (10th Cir. 1988); *United States v. Dahlman*, 13 F.3d 1391, 1395 (10th Cir. 1993). We have not extended a similar requirement to challenges to anticipatory warrants based on an insufficiently specific description of the condition precedent.

## Conclusion

For the reasons set forth above, the district court's denial of Mr. Hernandez-Rodriguez's motion to dismiss, as well as Mr. Hernandez-Rodriguez's conviction and sentence, are AFFIRMED.