UNITED STATES of America,
Plaintiff–Appellant,

v.

Jose Alonso JURADO–VALLEJO,
Defendant–Appellee.

No. 03–3082.

United States Court of Appeals,
Tenth Circuit.

Aug. 19, 2004.

Eric F. Melgren, United States Attorney, Nancy Landis Caplinger, and Thomas G. Luedke, Assistant United States Attorneys, Topeka, KS, Richard A. Friedman, Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C. for Plaintiff–Appellant.

David J. Phillips, Federal Public Defender, Topeka, KS, and Melody Evans, Assistant Federal Public Defender for Defendant–Appellee.

Before SEYMOUR, HARTZ, and TYMKOVICH, Circuit Judges.

## OPINION AFTER REMAND

HARTZ, Circuit Judge.

■ On remand the district court stated that it credited the following testimony by Trooper Jirak:

> Trooper Jirak, a Kansas highway patrolman with more than 16 years of experience, has attended a number of courses and schools on narcotics interdiction and investigation. He has been involved in over 100 cases where hidden compartments have been used to transport narcotics; of these 100 plus cases, about 50 of them were cases he initiated.
>
> Prior to effecting the traffic stop of defendant, Trooper Jirak observed that the rear bumper of defendant's Ford Expedition appeared to be altered. Jirak observed that the bottom of the Expedition's rear bumper was "squared off," whereas the factory installed bumper on this model is tapered. Pulling alongside the Expedition for about one minute, and while traveling between 65 and 70 mph, Trooper Jirak was able to see inside the wheel well, which he testified was brightly illuminated by the sun. Jirak testified that inside the wheel well, he could detect the bottom of the Expedition's truck bed; and he was able to

tell that the bottom of the truck bed was approximately 3 inches lower than the bottom of the hatchback door, where the bottom of the factory installed truck bed should be. Jirak testified that he could also see a seam that had been bonded and coated over, and that such a seam would not be present in an unaltered model of this vehicle.

Dist. Ct. Order on Remand, filed April 16, 2004, at 2–3. The district court further found:

[B]ased on his observations prior to the stop, Jirak inferred that these perceived alterations evidenced a three inch void or discrepancy between the bottom of a factory installed truck bed and the bottom of the altered truck bed. Jirak certainly had the experience to make such an inference. He had handled approximately 12 to 15 cases in which a hidden compartment was constructed in a void created by a lift of the bed of the truck, as the hidden compartment in this case turned out to be. Jirak had also seen seams with undercoating where metal boxes or compartments had been added to the bottom of the truck bed. But the existence of a void was an inference, it is not something Jirak actually observed prior to the traffic stop.

*Id.* at 3.

Nevertheless, the district court reaffirmed its prior decision to suppress the evidence. It emphasized that before the search Jirak "never observed the passenger side of the vehicle or the wheel wells on the passenger side," *id.* at 4, and bent down to look at the driver's side rear wheel well for only three seconds, *id.* at 6. The court also noted that "Jirak did not touch or probe the rear driver side wheel well; he did not observe or inspect the other wheel wells; and he did not observe, inspect or touch the undercarriage of the vehicle." *Id.* at 7. The court explained:

Jirak did not develop probable cause through sufficient observation and inspection prior to commencing the search. Prior to commencing the search, Trooper Jirak could have done a thorough visual inspection of the other wheel wells; he could have touched the alterations he saw in the wheel well; he could have poked, prodded or knocked on the wheel wells, bumper or fenders to attempt to ascertain whether there was a void as he suspected.

*Id.* at 10–11.

Although stating that it was "not suggesting that probable cause requires *verification* of the existence of a hidden compartment," *id.* at 11, the court went on to say:

[P]robable cause is developed through careful observation and inspection that relies not only on the officer's vision, but use of the officer's other senses, such as touch, where possible. Often the totality of circumstances rendering probable cause includes other factors, as well, such as the odor of drugs, the odor of masking agents and/or suspicious statements or behavior by the defendant. Here, not only was there insufficient observation and inspection, there were not other circumstances that could factor into probable cause.

*Id.* at 11–12.

■ The district court should not have suppressed the evidence seized from Defendant's vehicle. In our pre-remand opinion we indicated, although perhaps not sufficiently clearly, that if the district court credited Jirak's testimony, there was probable cause to search. The issue is not whether Jirak could have done more to confirm that the vehicle had a hidden compartment. None of the opinions cited by the district court said that visual observations must always be corroborated by touch, smell, or the like. Probable cause

exists when the evidence "would warrant a [person] of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Hernandez–Rodriguez,* 352 F.3d 1325, 1330 (10th Cir.2003) (internal quotation marks omitted). Jirak's observations would warrant a reasonable belief that the vehicle contained a hidden compartment. And on the facts of this case, as we said before, "[i]f the vehicle had a hidden compartment, it was highly likely to contain contraband." *United States v. Jurado–Vallejo,* 380 F.3d 1235, 1238 (10th Cir. 2004).

We REVERSE the order suppressing the evidence and REMAND for further proceedings.