**UNITED STATES COURT OF APPEALS** February 4, 2015

**TENICH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS MANUEL DIAZ,

    Defendant - Appellant.

No. 14-2121
(D.C. Nos. 1:12-CV-00482-LH-KBM
and 1:07-CR-00701-LH-KBM-1)
(D.N.M.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Defendant-Appellant Jesus Manuel Diaz seeks to appeal from the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his

sentence. Because Mr. Diaz has not made "a substantial showing of the denial of

a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a

certificate of appealability ("COA") and dismiss the appeal. See Slack v.

McDaniel, 529 U.S. 473, 483–84 (2000).

Background

On March 19, 2007, Mr. Diaz, the owner-operator of a one-rig trucking

company, arrived at the Gallup, New Mexico, Point of Entry ("POE"), near the

Arizona border. Mr. Diaz had arranged to haul goods in his tractor-trailer from

California to Georgia.  Mr. Diaz claims that, in accordance with common practice, he had not loaded the trailer himself; his role was merely to hook up the load, carry it to another location, and drop it off.  During the ensuing safety inspection at the Gallup POE, a Motor Transportation Division officer, Officer Smid, made several observations that led him to believe Mr. Diaz might be involved in criminal activity.  Officer Smid asked Mr. Diaz if he could perform a more thorough search of the tractor-trailer, and Mr. Diaz provided both verbal consent and a signed and dated "Consent to Search" form.  A search revealed over 3000 pounds of marijuana.

Following a trial, Mr. Diaz was convicted of possession with intent to distribute 1000 kilograms or more of marijuana, 21 U.S.C. § 841(b)(1)(A), and sentenced to 121 months' imprisonment.  His conviction was affirmed on direct appeal.  United States v. Diaz, 356 F. App'x 117 (10th Cir. 2009).  Mr. Diaz subsequently filed a § 2255 motion.  The case was referred to a magistrate judge, who recommended denial.  The district court adopted the magistrate judge's report and recommendation.  On appeal, Mr. Diaz argues:  (1) he was denied effective assistance of trial counsel; (2) his conviction violates the Fourth Amendment; and (3) the district court erred in denying his § 2255 motion without an evidentiary hearing.

## Discussion

- 2 -

To obtain a COA, Mr. Diaz must demonstrate that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Where the district court denied a claim on procedural grounds, he must show that both the underlying constitutional claim and the district court's procedural ruling were reasonably debatable. Id.

A.    Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Mr. Diaz must demonstrate that counsel's performance fell below an objective standard of reasonableness and that Mr. Diaz was therefore prejudiced. Strickland v. Washington, 466 U.S. 668, 687 (1984); Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir. 2002). Prejudice occurs when, but for the deficient performance, there is a reasonable probability that the result of the trial or sentencing would have been different. Strickland, 466 U.S. at 694. In analyzing ineffective assistance claims, we give considerable deference to counsel's strategic choices and "recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Mr. Diaz argues that his trial counsel provided constitutionally ineffective assistance in five principal ways. He argues that counsel failed to show that the POE officers (1) never fully performed a Level II safety inspection, (2) had a subjective intent to conduct a criminal investigation in the guise of a routine

- 3 -

administrative inspection, and (3) conducted a pretextual search in violation of his rights under the Fifth Amendment's "due process" clause and the Ninth Amendment's "retained rights" clause. He further faults counsel for (4) not sufficiently attacking Officer Smid's assertion that Mr. Diaz loaded the trailer himself and (5) not enlisting a trucking expert at trial who could attack Officer Smid's "pronouncements" about trucking industry standards.

The magistrate judge and district court fully addressed Mr. Diaz's ineffective assistance claims, and their assessment is not reasonably debatable. In particular, Mr. Diaz's claims—which essentially contend that counsel failed to adequately argue that the officers' administrative safety inspection was a mere pretext for a criminal investigation—do not account for Mr. Diaz's knowing and voluntary consent to the search which uncovered the marijuana. Additionally, Mr. Diaz's argument in favor of applying provisions of the New Mexico Constitution to a federal prosecution through the Fifth and Ninth Amendments wholly lacks merit. See United States v. Dickerson, 195 F.3d 1183, 1187 (10th Cir. 1999) (holding that, in a federal prosecution, only federal law governs a court's inquiry into the reasonableness of a search); United States v. Hernandez-Rodriguez, 352 F.3d 1325, n.1 (10th Cir. 2003) (holding that a potential violation of state law is irrelevant if a search did not violate federal constitutional standards). Thus, Mr. Diaz has not shown actual prejudice in counsel's alleged failure to argue these claims.

B.     Fourth Amendment Violations

Mr. Diaz next argues that his conviction violates the Fourth Amendment because the court admitted evidence derived from an unreasonable warrantless search.  As Mr. Diaz concedes, clear precedent establishes that we may not review alleged Fourth Amendment violations in a § 2255 motion when a defendant has had a full and fair opportunity to litigate his Fourth Amendment claims at trial and on direct appeal.  United States v. Lee Vang Lor, 706 F.3d 1252, 1257 (10th Cir.), cert. denied 134 S. Ct. 679 (2013); see also Stone v. Powell, 428 U.S. 465, 494–95 (1976).  We are bound by this precedent, and Mr. Diaz has not shown he lacked a full and fair opportunity to litigate his claims.

C.     Evidentiary Hearing

Finally, Mr. Diaz argues that the district court erred in not conducting an evidentiary hearing despite his presentation of substantial evidence to support his claim of factual innocence.  Because the motion, files, and records in this case conclusively show that Mr. Diaz is entitled to no relief under § 2255, an evidentiary hearing is not required.  28 U.S.C. 2255(b); United States v. Flood, 713 F.3d 1281, 1291 (10th Cir. 2013).

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 5 -