FILED
United States Court of Appeals
Tenth Circuit

July 12, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

KENDEL DEWAYNE MORRELL,
a/k/a Keymo,

    Defendant - Appellee.

No. 24-2047
(D.C. No. 1:20-CR-01900-MV-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.

_____

This appeal involves a statutory minimum of five years for distributing methamphetamine. 21 U.S.C. § 841(a)(1), (b)(1)(B), § 846. This minimum would ordinarily prevent a district court from imposing a sentence of less than five years. *See United States v. Cornelius*, 696 F.3d

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

1307, 1327 (10th Cir. 2012). But a so-called *safety valve* allows a court to dip below the statutory minimum for defendants who are eligible. 18 U.S.C. § 3553(f)(1). Eligibility turns on three factors,[1] and the district court considered whether defendants are eligible when they satisfy just one or two of these factors. The district court answered *yes* and applied the safety valve, sentencing the defendant below the statutory minimum.

The government appealed. Before briefing began, however, the Supreme Court concluded that the safety valve requires satisfaction of all three factors. *Pulsifer v. United States*, No. 22-340, 2024 WL 1120879 (U.S. Mar. 15, 2024). Given this conclusion, the government moves for summary reversal.

The defendant concedes that the district court's ruling is invalid based on the new Supreme Court opinion.[2] But the defendant argues that

---

[1]    These factors are the absence of

- 5 criminal-history points,

- a prior offense carrying 3 criminal-history points, and

- a prior violent offense carrying 2 criminal-history points.

18 U.S.C. § 3553(f)(1).

[2]    The defendant admits that he couldn't satisfy two of the factors because he had at least 5 criminal-history points, including a 3-point offense.

2

the government forfeited this challenge by failing to preserve it in district court. We disagree.

The government argued in district court that the safety valve required satisfaction of all three factors. The district court addressed this argument and rejected it. The defendant argues that the government needed to object when the district court ruled. But the federal rules relieve parties of the need to announce *exceptions* to a ruling. Fed. R. Crim. P. 51(a). The government had already presented its argument to the district court, which rejected the argument. *See United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1328 (10th Cir. 2003) (stating that the appellant can challenge a ruling on a ground that the district court addresses regardless of whether the parties had raised the issue). The government had no need to tell the district court that it had erred in siding with the defendant on this issue. Such a statement would serve little purpose because the district court already knew the government's position.

Because the government preserved its appellate argument, the only remaining issue is whether the district court erred in finding eligibility for the safety valve without satisfaction of all three factors. The defendant concedes that the district court erred in light of the new Supreme Court

opinion. We thus grant the government's motion for summary reversal and remand for resentencing.

Entered for the Court


Robert E. Bacharach
Circuit Judge