**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 13, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY MICHAEL MARTINEZ,

    Defendant - Appellant.

No. 24-1301
(D.C. No. 1:23-CR-00347-DDD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

After the district court denied his motion to suppress evidence including drugs and a handgun found during a search of his car, a jury convicted Timothy Michael Martinez of drug and firearms offenses. He appeals his conviction, challenging (1) the denial of his motion to suppress evidence from a search of his car, and (2) the constitutionality of the felon-

_____

   * After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

in-possession statute, 18 U.S.C. § 922(g)(1). Because Martinez did not raise his suppression argument in district court and has not shown good cause for his failure to do so, the argument is waived, and we decline to consider it. Given binding authority from the Supreme Court and this court rejecting similar challenges, he has also failed to show that it was plainly erroneous to convict him under § 922(g)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we therefore affirm.

## I

In June 2023, Martinez was observed driving his BMW without a valid driver's license and while it bore license plates associated with a different vehicle. Police detectives attempted to pull him over, but he sped through two stop signs to elude them. Rather than pursue the BMW, the detectives broke off the chase. The next day they obtained a warrant to arrest Martinez for vehicular eluding and driving under restraint.

The detectives later located and again followed the BMW while Martinez was driving. They saw him pick up a female passenger and then make several stops. They waited until Martinez parked the car at a convenience store. When he walked out of the store, they arrested him. He admitted "there was stuff in the car" but stated "the girl didn't know anything about it." R. V at 41.

Detectives surrounded the parked BMW. A woman was sitting in the passenger's seat. Detective Phillip Vigil opened the driver's side door to make sure no one was sitting in the back seat. He did not look for, or observe, any contraband at that point.

Another detective, Marcus Juliano, arrived at the scene and looked through the BMW's windshield several times. To better see into the vehicle's interior, he cupped his hands around his eyes and leaned his hands and forearms on the glass. Detective Juliano saw the back strap, grip, and magazine of a pistol between the driver's seat and the center console. He also saw clear baggies – which he knew could be used for packaging and selling drugs – and a live rifle round in the driver's side door compartments.

Detective Juliano, who knew Martinez was a convicted felon, reported the gun to the primary arresting officer. He did not open the BMW's doors or physically enter the car. Based in part on Detective Juliano's observations, the officers obtained a search warrant for the vehicle. During the search of the BMW pursuant to the warrant, the detectives discovered large quantities of drugs, cell phones, and a digital scale. They also found the loaded Glock handgun, baggies, and ammunition that Detective Juliano had described.

Martinez subsequently was charged with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C.

3

§ 841(a)(1) and (b)(1)(A)(viii); possession with intent to distribute 10 grams or more of fentanyl, in violation of § 841(a)(1) and (b)(1)(B)(vi); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

He filed a motion to suppress the items found in the BMW, arguing that (1) the plain view doctrine simply defines when a warrantless seizure of evidence is justified under the Fourth Amendment, and it could not be used to establish probable cause for issuance of a search warrant; (2) Detective Vigil unlawfully searched the vehicle prior to issuance of the warrant by opening the driver's side door; (3) Detective Juliano could not have seen the items he claimed to have observed, because the BMW's windows were heavily tinted; and (4) Martinez's post-arrest admissions about items in the car should also be suppressed.[1]

In its response to the motion to suppress, the government identified one of the issues as whether "the plain view search through [Martinez's] windshield [was] lawful." R. I at 159. It argued the search was lawful

---

[1] Martinez also argued that the arrest warrant stemming from the earlier police encounter was not based on probable cause and therefore violated his Fourth Amendment rights. The district court rejected suppression on that basis. Martinez does not challenge that ruling in this appeal.

because "Detective Juliano did not trespass or otherwise unlawfully access the BMW when he observed the firearm, ammunition, and baggies in the BMW." *Id.*

The district court held a hearing on the motion to suppress. At the hearing, Martinez argued that Detective Vigil had committed a trespass by opening the BMW's door, and that it was this trespass that led to discovery of the gun, not observations through the windshield. The government responded that Detective Vigil found nothing, and that Detective Juliano's observations of items in plain view through the windshield led to issuance of the warrant.

Several officers testified at the hearing concerning their observations, including Detectives Vigil and Juliano. Detective Juliano testified he looked through the windshield "several times." *Id.* V at 82. He described his observations through the windshield but stated he did not physically enter the vehicle or open its doors.

Martinez argued in closing that Detective Vigil had violated the Fourth Amendment by committing a trespass (opening the door and looking inside); that he must have spotted the gun when he looked in the vehicle; and that he must have communicated with the other officers about his unlawful observation, leading to issuance of the search warrant. In its decision, the district court determined that the search warrant was

predicated on Detective Juliano's observations through the windshield, not anything Detective Vigil purportedly saw when he searched for people in the vehicle. The court remarked that "Detective Juliano's lawful observations through the windshield . . . provide an independent, untainted basis for the search warrant and ultimate search." *Id*. I at 301. It therefore denied the motion to suppress. Martinez timely appeals.

## II

### A

A defendant seeking to suppress evidence must file a pretrial motion to suppress. Fed. R. Crim. P. 12(b)(3)(C). The defendant preserves his specific suppression arguments "through sufficiently definite, specific, detailed and nonconjectural factual allegations." *United States v. Anderson*, 62 F.4th 1260, 1265 (10th Cir. 2023) (internal quotation marks omitted). "When a defendant fails to raise a particular suppression argument in district court, the argument is waived absent a showing of good cause." *Id.*; *see also United States v. Lowe*, 117 F.4th 1253, 1259 n.1 (10th Cir. 2024) (suppression arguments raised for the first time on appeal are waived absent a showing of good cause why they were not raised in district court); *cf.* Fed. R. Crim. P. 12(c)(3) (requiring a good cause showing to obtain district court's consideration of defaulted suppression arguments).

Ordinarily, we review unpreserved arguments for plain error. *See* Fed. R. Crim. P. 52(b). But where a defendant has waived his suppression argument, "[f]ailure to show good cause precludes even plain error review." *Anderson*, 62 F.4th at 1265; *see also United States v. Burke*, 633 F.3d 984, 988-89 (10th Cir. 2011) ("Rule 12, and not Rule 52, applies to pretrial suppression motions and a suppression argument raised for the first time on appeal is waived (i.e., completely barred) absent a showing of good cause for why it was not raised before the trial court. This holding applies not only where the defendant failed to file a suppression motion at all in the district court, but also where the motion filed lacked the specific issues raised on appeal." (footnote omitted)).

Citing *United States v. Jones*, 565 U.S. 400, 408 n.5 (2012), Martinez argues that Detective Juliano's actions in placing his arms and hands on the car's windshield while he looked inside amounted to an unlawful trespass that negated the justification to search his car. The government responds that Martinez waived that argument by failing to raise it in district court, and by failing to supply good cause for that omission.

In opposition to the government's waiver argument, Martinez raises two points. First, he contends we should reach his issue even if he did not raise it in his suppression motion, because the district court actually resolved it. *See, e.g.*, *United States v. Hernandez-Rodriguez*, 352 F.3d 1325,

7

1328 (10th Cir. 2003) ("[W]hen the district court *sua sponte* raises and explicitly resolves an issue of law on the merits, the appellant may challenge that ruling on appeal on the ground addressed by the district court . . . ."). But the district court did not explicitly decide the issue he now attempts to raise: whether, under the rule in *Jones*, Detective Juliano's placement of his arms and hands on the windshield of the BMW when he peered inside the vehicle constituted a trespass that violated the Fourth Amendment.

The suppression arguments were focused on whether Detective Vigil had committed a trespass, not Detective Juliano. It is true that the government argued as a general matter that Detective Juliano's search was lawful because he "did not trespass or otherwise unlawfully access the BMW." R. I at 159. But this general statement did not raise a specific issue about whether Detective Juliano's placement of his hands or arms on the windshield to see inside was or was not a trespass that violated the Fourth Amendment.[2] Nor did the district court explicitly resolve that issue. *See id.*

---

[2] Martinez also notes the government submitted a photograph showing Detective Juliano committing the alleged trespass. *See* R. I at 155. Absent a specific argument or judicial decision on whether the actions depicted in the photo actually constituted a trespass, however, the submission of the photo did not present or preserve the waived issue.

8

at 301. We therefore reject Martinez's argument that this issue was litigated in district court and therefore preserved for appellate review.

Second, Martinez argues that we should review this issue for plain error. But for reasons we have already stated, his failure to show good cause "precludes even plain error review." *Anderson*, 62 F.4th at 1265.

Martinez argues that notwithstanding our discussion of the good cause standard in *Anderson*, this court ultimately applied plain error review in that case. *See Anderson*, 62 F.4th at 1266-67. He contends we should do the same here. But Martinez reads too much into dicta from *Anderson*. In *Anderson*, the defendant argued we should reach his waived suppression argument under a plain error standard. Id. at 1266. Instead, we unequivocally stated that the defendant's "failure to raise [the] argument below constitutes waiver, and he does not attempt to show good cause." Id. at 1266-67 (footnote omitted). In response to the government's further argument that the appeal waiver in the defendant's plea agreement also precluded his argument, we remarked that "[w]e need not decide this issue because we conclude *the argument is waived*." Id. at 1266 n.4 (emphasis added). After those statements about good cause and waiver, however, we added in dicta that the defendant's "argument would fail even under plain error review because it relies on a faulty reading of the ordinance" the defendant had cited. Id. at 1267. That dicta in *Anderson*, however, does not

9

create any obligation on our part to apply plain error review in this case, and we decline to do so. *See United States v. Moore*, 96 F.4th 1290, 1300 (10th Cir. 2024) (this court is bound by a holding of a prior panel but not by the prior panel's dicta).

In sum, Martinez's suppression argument is waived, and we decline to consider it.

## B

Martinez also argues that the felon-in-possession statute under which he was convicted, 18 U.S.C. § 922(g)(1), is facially unconstitutional. He contends § 922(g)(1) fails the two-step approach used to evaluate Second Amendment claims outlined in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Martinez admits he did not raise this issue in district court prior to his trial. The parties agree that under Fed. R. Crim P. 12 he must therefore both show "good cause" for his failure to raise the issue, and his unpreserved claim must satisfy the "plain error" standard. *See* Aplt. Opening Br. at 59, 61-63; Aplee. Br. at 27-28.

Even if Martinez can show "cause" for his failure to raise this issue, based on the state of the law at the time of his trial, as he asserts, *see* Aplt. Opening Br. at 59-60, he has failed to show an alleged error that is plain. An error is considered "plain" where the Supreme Court or this court has addressed the issue. *See United States v. Herrera*, 51 F.4th 1226, 1248 (10th

Cir. 2022). In light of binding, contrary authority on this question, Martinez has not made that showing.

Prior to *Bruen*, published authority from this circuit had upheld the constitutionality of § 922(g)(1). *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009). In *Vincent v. Garland*, 80 F.4th 1197, 1200-02 (10th Cir. 2023), *vacated*, 144 S. Ct. 2708 (2024), we held that *Bruen* did not expressly overrule or clearly abrogate *McCane*, which remained good law. The Supreme Court granted certiorari in *Vincent*, vacated our judgment, and remanded to this court to consider the defendant's arguments in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See Vincent*, 144 S. Ct. at 2708-09. On remand, we considered the effect of *Rahimi* and once again reaffirmed the holding in *McCane* that § 922(g)(1) does not violate the Second Amendment. *See Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025), *petition for cert. filed* (U.S. May 8, 2025) (No. 24-1155). *Vincent* remains the law in this circuit. Although he disagrees with our decisions in *Vincent* and *McCane* Martinez has not established plain error.

We AFFIRM the judgment of the district court.

Entered for the Court

Richard E.N. Federico
Circuit Judge

11