**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**September 30, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

WILLIAM JAMES FORBIS,

    Defendant - Appellee.

No. 24-5097
(D.C. No. 4:23-CR-00133-GKF-1)
(N.D. Okla.)

UNITED STATES OF AMERICA,

    Plaintiff - Appellant,

v.

DANIEL DUANE SMITH, JR.,

    Defendant - Appellee.

No. 24-5106
(D.C. No. 4:24-CR-00228-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Our decision in *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), held that 18 U.S.C. § 922(g)(1)—which prohibits felons from possessing firearms—does not offend the Second Amendment.  And our recent decision in *Vincent v. Bondi* (*Vincent III*), 127 F.4th 1263 (10th Cir. 2025), *petition for cert. filed*, 24-1155, confirmed that *McCane* remains good law: *United States v. Rahimi*, 602 U.S. 680 (2024), did not "indisputably and pellucidly abrogate" *McCane*.  *Vincent III*, 127 F.4th at 1264.  We heed *Vincent III*'s instruction and apply *McCane* here.

Separate grand juries charged William Forbis and Daniel Smith with violating § 922(g)(1).  But before we decided *Vincent III*, the district court dismissed those indictments because it found that *Rahimi* abrogated *McCane* and concluded that § 922(g)(1) was unconstitutional as applied to Forbis and Smith.  Then, while these cases were pending on appeal, we decided *Vincent III*.

Because we concluded *Rahimi* did not abrogate *McCane*, it controls these cases and forecloses Forbis's and Smith's Second Amendment challenges to § 922(g)(1).  We exercise our jurisdiction under 28 U.S.C. § 1291 and **REVERSE** the district court's dismissal of the indictments and **REMAND** for further proceedings consistent with this opinion.

## I.    Background

This case presents two separate appeals—one by Forbis, the other by Smith.  Because the appeals present the same legal issue, we consider them together.

2

A grand jury indicted Forbis for violating § 922(g)(1).[1]  Forbis moved to dismiss the indictment, relying on the Supreme Court's then-newly issued decision *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  The district court granted the motion because it found that *Bruen* abrogated *McCane* and that under *Bruen*, § 922(g)(1) was unconstitutional as applied to Forbis.  But after the district court dismissed the indictment, we decided *Vincent v. Garland* (*Vincent I*), 80 F.4th 1197 (10th Cir. 2023), which held that *Bruen* did not abrogate *McCane*.  Invoking *Vincent I*, the government moved for reconsideration of the dismissal.  The district court granted the motion and reinstated the indictment.  Forbis then entered a guilty plea, and the district court set the matter for sentencing.

But before sentencing, the Second Amendment landscape changed again: the Supreme Court decided *Rahimi* and then granted, vacated, and remanded *Vincent I* for reconsideration in light of *Rahimi*.  *See Vincent v. Garland* (*Vincent II*), 144 S. Ct. 2708 (2024).  *Vincent I* thus evaporated—and with it the foundation of the district court's decision to reinstate the indictment.  *McCane*'s viability was once again tenuous.

The district court held an off-the-record "brief discussion in chambers" before the sentencing hearing.  Forbis App. 148.  Then at the hearing, the district court explained that with *Vincent I* vacated, he believed *McCane* no longer controlled, and he invited Forbis to move to dismiss the indictment.  Forbis did so, and the district

---

[1] His underlying felony convictions were nonviolent drug offenses.

court granted the motion, finding that § 922(g)(1) was unconstitutional as applied to Forbis.  The government then appealed.

Smith's path to appeal takes fewer detours.  A grand jury indicted him for violating § 922(g)(1).[2]  He moved to dismiss the indictment after *Vincent II*, arguing that *Bruen* and *Rahimi* abrogated *McCane* and that § 922(g)(1) was unconstitutional as applied to him.  The district court agreed and dismissed the indictment.  The government appealed.

## II.    Discussion

The government urges reversal in both cases based on *McCane*.  But before addressing the merits, we first consider whether the government preserved its argument based on *McCane* in Forbis's appeal.  (Smith does not make a preservation challenge.)  And finding that it did, we apply *McCane* and conclude that § 922(g)(1) was not unconstitutional as applied to Forbis or Smith.

### A.    *Standard of Review*

We ordinarily review a district court's dismissal of an indictment for abuse of discretion.  *United States v. Chavarria*, 140 F.4th 1257, 1260 (10th Cir. 2025) (citing *United States v. Friday*, 525 F.3d 938, 949 (10th Cir. 2008)).  But when the dismissal rests on a constitutional challenge, we review the dismissal de novo.  *United States v. Doe*, 58 F.4th 1148, 1154 (10th Cir. 2023) (citations omitted).  Because the district

---

[2] His underlying felony convictions were nonviolent drug offenses, fraud, and being a felon in possession of a firearm.

4

court here dismissed the indictments on constitutional grounds, we review the dismissals de novo.

### B.    Waiver

The government's argument based on *McCane* is preserved for our review. We generally do not consider issues "not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).  And to properly preserve an issue for our review, a party must "alert[] the district court to the issue and seek[] a ruling." *Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1150 (10th Cir. 2012).

But we will excuse a party's failure to preserve an issue when the "district court sua sponte raises and explicitly resolves" a legal issue on the merits. *United States v. Todd*, 446 F.3d 1062, 1066 (10th Cir. 2006) (quoting *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1328 (10th Cir. 2003)).  In that situation, a party may challenge the ruling on a ground addressed by the district court, even if the party failed to raise the issue below. *United States v. Guinn*, 89 F.4th 838, 846–47 (10th Cir. 2023). And we use the standard of review "that would be applicable if the appellant had properly raised the issue." *Todd*, 446 F.3d at 1066) (internal quotation marks omitted) (quoting *Hernandez-Rodriguez*, 352 F.3d at 1328).

The district court here sua sponte raised *McCane*'s applicability at Forbis's sentencing.  At the hearing, the court explained that it believed *Rahimi* abrogated *McCane* and then invited the defendant to move for dismissal.  App. 148–50.  The defendant did so.  App. 150.  The district court then issued an order finding that *McCane* could not stand after *Rahimi* and dismissed the indictment.  The district court's sua

sponte raising and resolving whether *McCane* applied excuses the government's failure to preserve the issue through an objection. We therefore consider the government's *McCane* argument preserved and apply de novo review.

### C.    § 922(g)(1)'s Constitutionality

We held in *McCane* that § 922(g)(1) does not offend the Second Amendment. That was in 2009, and in the years following *McCane*, the Supreme Court articulated a now-familiar historical test for assessing the constitutionality of firearm regulation. *See Bruen*, 597 U.S. at 24 ("When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."). And then in *Rahimi*, the Supreme Court applied that test to § 922(g)(8)—a firearm restriction on one subject to a "restraining order" that "includes a finding that he poses 'a credible threat to the physical safety' of a protected person." 602 U.S. at 693 (quoting 18 U.S.C. § 922(g)(8)(C)(i)). The Court concluded that the restriction passed constitutional muster: the Second Amendment permits disarmament of "[a]n individual found by a court to pose a credible threat to the physical safety of another." *Id.* at 702.

After *Bruen* and *Rahimi*, litigants have challenged § 922(g)(1)'s constitutionality as applied to nonviolent offenders. Circuits have responded variously. Some circuits say they are bound by their pre-*Bruen* decisions upholding § 922(g)(1)'s constitutionality, even as applied to nonviolent felons. *See United States v. Hunt*, 123 F.4th 697, 707–08 (4th Cir. 2024); *United States v. Jackson*,

110 F.4th 1120, 1129 (8th Cir. 2024); *United States v. Duarte*, 137 F.4th 743, 750, 761–62 (9th Cir. 2025) (en banc) (concluding that earlier precedent was not abrogated and also performing *Bruen* test); *United States v. Dubois*, 139 F.4th 887, 894 (11th Cir. 2025). Others have concluded that they are not so bound but nevertheless uphold § 922(g)(1)'s constitutionality as applied to at least some defendants. *See United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024); *United States v. Williams*, 113 F.4th 637, 661–62 (6th Cir. 2024). And still another has held § 922(g)(1) unconstitutional as applied to a defendant before the court. *See Range v. Att'y Gen.*, 124 F.4th 218, 222–23 (3d Cir. 2024) (en banc).

For our part, we follow the first path. In the *Vincent* trilogy, we concluded neither *Bruen* nor *Rahimi* abrogated *McCane*, so we remain bound by its holding. We held in *Vincent I* that *Bruen* did not "indisputably" or "pellucidly abrogate" *McCane* because *Bruen* "reaffirm[ed]" the language in *District of Columbia v. Heller*, 554 U.S. 570 (2008), that it did not cast doubt on felon-in-possession laws. *Vincent I*, 80 F.4th at 1202. *McCane* stood firm in *Bruen*'s wake.

But Vincent soon petitioned the Supreme Court for certiorari. And while on petition, the Supreme Court decided *Rahimi*. The Court then granted Vincent's petition, vacated our decision in *Vincent I*, and remanded for consideration in light of *Rahimi*. *Vincent II*, 144 S. Ct. at 2708. And on remand, we considered anew Vincent's Second Amendment challenge and concluded that *Rahimi* did not abrogate *McCane*, either. *Vincent III*, 127 F.4th at 1264. We explained that like *Bruen*, *Rahimi* "recognized the presumptive lawfulness" of bans on "possession of firearms

by 'felons.'" *Id.* at 1265 (quoting *Rahimi*, 602 U.S. at 682). And because *McCane* made no distinction between violent offenders and nonviolent offenders, we reiterated that "the Second Amendment doesn't prevent application of § 922(g)(1) to nonviolent offenders." *Id.* at 1266. *McCane* lives on.

The district court here dismissed the indictments after *Vincent II* but before *Vincent III*; it did not have the benefit of *Vincent III*'s instruction that *McCane* remains good law. But we do, and we are bound to uphold § 922(g)(1)'s constitutionality as applied to Forbis and Smith.[3]

## III.   Conclusion

For the foregoing reasons, we reverse the district court's judgments and remand for further proceedings consistent with this opinion.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[3] Neither Forbis nor Smith disagree with that conclusion; each concedes that *Vincent III* requires reversal.